## Richmond

GOVERNMENT EMPLOYEES INSURANCE COMPANY

V.

ERIE INSURANCE EXCHANGE

September 11, 1981.

Record No. 800714.

Present: Harrison, Poff, Thompson, JJ., and Harman, S.J.

*Waller T. Dudley (Boothe, Prichard & Dudley,* on briefs), for appellant.

*Norman A. West* for appellee.

PER CURIAM.

In this appeal, we consider whether an automobile involved in a motor vehicle collision was a "non-owned automobile," as that term was defined in an insurance policy issued to the driver's father.

Glen R. Pennington, the father of two sons, John W. and Glen W. (Bill) Pennington, was the named insured in a family automobile policy issued by Government Employees Insurance Company (GEICO). Both John and Bill resided with their father and mother. Bill, a Marine stationed at Quantico, had military permission to live at home and stayed there whenever his military duties permitted. On May 25, 1977, Bill telephoned John and asked John to pick him up at Quantico. Taking a 1976 Ford Pinto owned by Bill, John left the Pennington house. En route, John collided with an automobile driven by James W. Hastings.

Hastings sued John for injuries sustained in the collision. Hastings' insurer, Erie Insurance Exchange (Erie), filed a motion for declaratory judgment seeking a determination of the rights and duties of Erie and GEICO with respect to claims for damages arising out of the accident. Specifically, Erie contended that the automobile driven by John was a "non-owned automobile" entitled to coverage under the GEICO policy issued to John's father. The trial court agreed and ruled that the automobile driven by John but owned by Bill was a "non-owned automobile," as that term was defined in the GEICO policy.

The GEICO policy listed two automobiles as insured vehicles: a 1977 Chevrolet and a 1972 Ford. The 1976 Pinto, the car owned by Bill and involved in the collision, was not specified in the policy. Bill had bought insurance for the 1976 Pinto, but had allowed the policy to lapse before the accident.

The GEICO policy provided coverage for "owned" and "non-owned" automobiles. Inasmuch as there was no contention that Bill's 1976 Pinto was an "owned" automobile entitled to coverage, the only potential basis for coverage is that it was a "non-owned automobile," a term defined in the GEICO policy as follows:

"non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile.

The GEICO policy defines "relative" to be "a relative of the named insured who is a resident of the same household."

We believe the principles applied in *Quesenberry* v. *Nichols and Erie*, 208 Va. 667, 159 S.E.2d 636 (1968), control the disposition of this appeal. In *Quesenberry*, we construed the following clause within a policy's definition of "non-owned automobile": " '[N]on-owned automobile' means an automobile or trailer (a) not owned by, or furnished for the regular use of the named Insured by any government unit or agency; . . ." *Id.* at 668-69, 159 S.E.2d at 638. We interpreted this clause to exclude vehicles owned by any government unit or agency as well as vehicles furnished for the regular use of the insured by any government unit or agency. *Id.* at 673-74, 159 S.E.2d at 641.

While the language of the policy at issue here is different from that involved in *Quesenberry*, our analysis is analogous to that employed in *Quesenberry*. As we interpret the definition in GEICO's policy, the term "non-owned automobile" does not include any automobile owned by the named insured or by any of the insured's relatives residing in the same household. Several courts interpreting very similar clauses have so held. *Annot.*, 83 A.L.R.2d 926 (1962 & Later Case Service). Because Bill, Glen R. Pennington's son, resided in the same household as his father, his car was excluded from coverage as a "non-owned automobile" under Glen R. Pennington's insurance policy.

The judgment will be reversed and final judgment entered here for GEICO.

*Reversed and final judgment.*