## Richmond

USAA CASUALTY INSURANCE COMPANY

v.

GERARD YACONIELLO

December 2, 1983.

Record No. 810830.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, and Russell, JJ., and Gordon, Retired Justice.

*Terry H. Davis, Jr. (Taylor, Gustin, Harris, Fears & Davis,* on briefs), for appellant.

*William R. O'Brien, (Brydges, Hudgins, Ege, Burt & O'Brien,* on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

The sole question presented in this appeal is whether the medical payments provision in an automobile insurance policy, purporting to cover the named insured and his relatives when "struck by an automobile," affords coverage for injuries sustained when such a person is struck by a motorcycle.

The facts are stipulated. William Yaconiello had an automobile policy with USAA which purported to cover reasonable medical expenses incurred by the "named insured and each relative" who "sustains bodily injury, caused by accident . . . through being struck by an automobile or by a trailer of any type."

Gerard Yaconiello was a relative of the named insured, residing in the same household, and thus was entitled to the benefits of the coverage. On August 21, 1977, while the policy was in effect, Gerard was riding a bicycle in Virginia Beach and was struck by a motorcycle, causing him to incur medical expenses. Gerard's claim was refused by USAA.

Gerard sued USAA in the general district court. USAA removed the case to the circuit court and defended on the ground that the coverage extended only to injuries arising from being struck by an "automobile" or by a "trailer," and that neither term

was sufficiently broad to include a motorcycle. The court ruled on the stipulated facts that the policy covered Gerard's medical expenses. USAA appeals the judgment.

 Code § 46.1-1(15) defines "Motor vehicle": "Every vehicle as herein defined which is self-propelled or designed for self-propulsion . . . ." Thus, the term "motor vehicle" is broad enough to include a motorcycle, but by the overwhelming weight of authority "automobile" is not. *See generally* Annot., 38 A.L.R. 2d 867 (1954); 1C J. Appleman, *Insurance Law and Practice* § 573 (1981).*

 Our inquiry, however, must extend beyond the terms of the policy itself. At the time of Gerard's accident, Code § 38.1-380.1 provided, in pertinent part:

> Upon request of its insured, every insurer licensed in this state issuing or delivering any policy or contract of bodily injury liability insurance . . . shall provide, on payment of premium established by law for such coverage, as a minimum coverage (1) to the named insured and, while resident of the same household, the spouse and relatives of the named insured . . . through being struck by a *motor vehicle* . . . [a]ll reasonable and necessary expenses for medical . . . services . . . [emphasis added].

Code § 38.1-343 provides:

> **Validity of noncomplying forms.**—Any insurance policy, rider or endorsement hereafter issued and otherwise valid, which contains any condition or provision not in compliance with the requirements of this title, shall not be rendered invalid thereby, but shall be construed and applied in accordance with such conditions and provisions as would have been applied had such policy, rider or endorsement been in full compliance with this title.

Thus, if the terms of the policy are inconsistent with statutory provisions, the statutory provisions supersede the inconsistent pol-

---

* "Automobile" was given a broader definition at the beginning of the automobile era. It had much the same meaning as "motor vehicle" now has. *Cf. Stanley* v. *Tomlin,* 143 Va. 187, 195, 129 S.E. 379, 382 (1925).

icy terms. Here, we must construe and apply the policy as if it contained the statutorily mandated term "motor vehicle" rather than the language USAA actually used. *See Drewry* v. *State Farm Mutual,* 204 Va. 231, 236, 129 S.E.2d 681, 684 (1963); *State Farm Mutual* v. *Duncan,* 203 Va. 440, 443, 125 S.E.2d 154, 157 (1962); *Scholz* v. *Standard, Etc., Co.,* 145 Va. 694, 704, 134 S.E. 728, 731 (1926); *Manufacturers Life Insurance Co.* v. *Johnson,* 385 F. Supp. 852 (E. D. Va. 1974). As stated above, "motor vehicle" carries a statutory definition sufficiently broad to include a motorcycle. Accordingly, we find no error in the trial court's ruling and will affirm the judgment.

*Affirmed.*