STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

V.

JOHN H. SEAY

Record No. 870763

November 18, 1988

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell, and Thomas, JJ., and
Gordon, Retired Justice

*David B. Worthy (Stone & Worthy,* on briefs), for appellant.
*Wayland E. Hundley (Gendron & Kirby,* on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

This appeal involves the medical payments provision of an automobile liability insurance policy. The question for decision is whether the insured is entitled to coverage for injuries sustained while riding a motorcycle, notwithstanding a policy provision which purports to limit coverage to injuries sustained while occupying an automobile. The trial court held that the insured, John H. Seay, was entitled to coverage and entered judgment against the insurer, State Farm Mutual Automobile Insurance Company, in the sum of $3,125.25 for medical expenses Seay incurred as a result of a June 16, 1984 accident.

Seay was injured when a motorcycle he did not own but was test-driving ran off the road and struck a fence. The motorcycle was not insured, but Seay was the named insured under a family

automobile liability policy issued by State Farm on other vehicles owned by Seay, with medical payments coverage of $5,000 per person.

Under a heading of "Expenses for Medical Services" and a subheading of "Coverage C," State Farm undertook in its policy:

> To pay all reasonable expenses incurred within one year from the date of accident for necessary medical . . . services;

> To or for the named insured and each relative who sustains bodily injury, sickness or disease . . . hereinafter called "bodily injury", caused by accident,

> . . . .

> (b) while occupying a non-owned automobile . . . .

Seay contends that his entitlement to coverage is not controlled by the policy as written but by the terms of Code § 38.1-380.1 (Cum. Supp. 1983) (now Code § 38.2-2201) when read with Code § 38.1-343 (Repl. Vol. 1981) (now Code § 38.2-318).[1] In pertinent part, Code § 38.1-380.1 provided:

> Upon request of its insured, every insurer licensed in this Commonwealth issuing or delivering any policy or contract of bodily injury liability insurance . . . covering liability arising from the ownership, maintenance or use of any motor vehicle shall provide, on payment of premium established by law for such coverage, as a minimum coverage . . . to the named insured . . . while occupying . . . a motor vehicle . . . the following health care . . . benefits for each accident:

> (a) All reasonable and necessary expenses for medical . . . services . . . resulting from . . . accident . . . up to $2,000 per person . . . .

Code § 38.1-343 provided:

---

[1] In 1986, Code §§ 38.1-1 through 38.1-971 were repealed and replaced by Code §§ 38.2-100 through 38.2-4916. (Acts 1986, ch. 562). Because Seay's accident occurred before the effective date of this legislation, all references in this opinion are to the former provisions.

Any insurance policy, rider or endorsement hereafter issued and otherwise valid, which contains any condition or provision not in compliance with the requirements of this title, shall not be rendered invalid thereby, but shall be construed and applied in accordance with such conditions and provisions as would have been applied had such policy, rider, or endorsement been in full compliance with this title.

Seay argues that the combined effect of these two Code sections is to mandate the incorporation of the medical payments coverage specified by Code § 38.1-380.1 into his policy. Seay points out that this coverage, known as Coverage P, differs from Coverage C, specified in the policy, in that an insured is protected under Coverage C only while occupying a non-owned *automobile* but under Coverage P while occupying a non-owned *motor vehicle*. The latter term, Seay says, is broad enough to include a motorcycle.[2]

Concerning the "[u]pon request" language of Code § 38.1-380.1, Seay maintains that a specific request for Coverage P is not required. Once an insured asks for medical payments coverage, however general the request may be, Seay opines, the insurer is required to provide Coverage P.

State Farm contends that Code § 38.1-380.1 is inapplicable. State Farm explains that it makes available two kinds of medical payments coverage, *i.e.*, Coverage C, which it provides voluntarily under the authority of Code § 38.1-21 (Cum. Supp. 1983) (now Code § 38.2-124), *infra*, and Coverage P, which it provides "only if and when it becomes obligated to do so by reason of the provisions of [Code § 38.1-380.1]." It is not obligated to provide Coverage P to an insured, State Farm says, "unless he asks for it."

We agree with State Farm. As noted, Code § 38.1-380.1 states that an insurer shall provide the medical payments coverage therein specified "[u]pon request of its insured." Then, in the next Code section, 38.1-380.2 (Cum. Supp. 1983) (now Code § 38.2-2202), styled "Required notice of optional coverage available," the General Assembly set out how an insured must be made

---

[2] Code § 46.1-1(15) defines the term "motor vehicle" as including "[e]very vehicle . . . which is self-propelled or designed for self-propulsion." In *USAA Ins. Co. v. Yaconiello*, 226 Va. 423, 309 S.E.2d 324 (1983), we said that this statutory definition "is broad enough to include a motorcycle, but . . . 'automobile' is not." *Id.* at 425, 309 S.E.2d at 324. State Farm does not dispute that the term "motor vehicle" includes a motorcycle.

aware of the availability of Coverage P. Code § 38.1-380.2 provided in pertinent part that "no original or renewal premium notice for insurance covering liability arising out of the ownership, maintenance or use of any motor vehicle shall be rendered unless it contains on the front of or enclosed with the premium notice in bold face type" a legend describing in minute detail the optional medical payments coverage specified by Code § 38.1-380.1. Section 38.1-380.2 also contained the direction that if the insured desired to purchase the optional coverage, he "may do so by contacting the agent or company that issued [his] policy."

We do not think the General Assembly would have required this elaborate method of notifying an insured of the availability of Coverage P had it intended that merely asking for medical payments coverage in general would trigger the mandatory provisions of Code § 38.1-380.1. Rather, we think a specific request for the optional coverage is required. Seay concedes that he received the required notice but made no such request. Hence, we hold Code § 38.1-380.1 inapplicable.

Seay contends, however, that even if Code § 38.1-380.1 is inapplicable, he is still entitled to protection because Code § 38.1-21 provides medical payments coverage to an insured while in or upon a motor vehicle and this provision is incorporated by law into his policy. In pertinent part, Code § 38.1-21 stated:

> Any policy of motor vehicle and aircraft [liability] insurance . . . may include appropriate provisions whereby the insuring company assumes the obligation of payment of medical . . . expenses arising out of the death or injury of any person, and any such policy of motor vehicle insurance may include appropriate provisions whereby the insuring company assumes the obligation of payment of weekly indemnity or other specific benefits to persons who are injured and specific death benefits to dependents, beneficiaries or personal representatives of persons who are killed, if such injury or death is caused by accident and sustained while in or upon . . . a motor vehicle . . . .

State Farm agrees that Code § 38.1-21 is applicable, but only to the extent it permits insurers to voluntarily write medical payments coverage. State Farm denies that the Code section man-

dates the incorporation of the more inclusive term "motor vehicle" into the medical payments provision of Seay's policy.

Code § 38.1-21 "describes two entirely different kinds of coverage," State Farm says, medical payments on the one hand and weekly indemnity benefits on the other. The portion of the Code section extending coverage to an insured "while in or upon . . . a motor vehicle" relates only to the weekly indemnity benefits coverage, State Farm asserts, and not to the medical payments provision.

We disagree with State Farm. We think the language "while in or upon . . . a motor vehicle" applies to both types of coverage described in Code § 38.1-21. Furthermore, while, as State Farm says, Code § 38.1-21 may constitute the basis upon which it voluntarily writes medical payments insurance, we think that, once the coverage is provided, it must be written to provide at least the coverage prescribed by Code § 38.1-21. The coverage cannot be lessened, for example, by substituting the term "automobile" in the policy for the term "motor vehicle" specified in the statute.

Because the medical payments provision of Seay's policy is not in compliance with the requirements of Code § 38.1-21, the statute prevails and supersedes the inconsistent policy provision. Code § 38.1-343; *USAA Ins. Co.* v. *Yacaniello*, 226 Va. 423, 425-26, 309 S.E.2d 324, 325 (1983). And, when the policy is conformed to the statute, the term "motor vehicle" is incorporated into the medical payments provision and construed to include a motorcycle, entitling Seay to coverage.

Finding no reversible error in the judgment appealed from, we will affirm the judgment.[3]

*Affirmed.*

---

[3] In awarding judgment to Seay, the trial court found that Code § 38.1-380.1 was applicable and provided Seay with coverage. We have found § 38.1-380.1 inapplicable, but have held that Code § 38.1-21 is applicable, entitling Seay to coverage. This case, therefore, is subject to the rule that where a trial court has decided a case correctly but has assigned the wrong reason, we will assign the correct reason and affirm. *Robbins* v. *Grimes*, 211 Va. 97, 100, 175 S.E.2d 246, 248 (1970).