## CIRCUIT COURT OF THE CITY OF RICHMOND

Barbara Briel
(nee Barbara Shumaker)

v.

State Farm Mutual
Automobile Ins. Co.

April 21, 1989

Case No. LM 1873-2

By JUDGE ROBERT L. HARRIS, SR.

This case involves an unpaid claim for $300.00 in medical expenses against an automobile policy issued to the plaintiff, Barbara Briel, by the defendant, State Farm Mutual Automobile Insurance Company. The undisputed facts are that the expense was incurred when plaintiff obtained a cervical-thoracic thermographic examination. This was upon the recommendation of her treating physician as the result of injuries sustained in a motor vehicle accident on April 8, 1986. The defendant denied coverage for the thermography charge, maintaining that the policy provided for "reasonable" expenses for "necessary" medical services and that the charge did not meet that criterion.

Plaintiff moved that this court should grant summary judgment to her, arguing that the policy language was inconsistent with a portion of Va. Code Section 38.1-21[1] in effect at the time of the accident. The section cited is a part of Article 2, titled "Insurance Classified and Defined." That statute read in part:

[1] Present Section 38.2-124. [Reporter's Note]

Motor vehicle and aircraft insurance means and includes insurance against:
(2) Legal liability of the insured . . . arising out of the death or injury of any person resulting from the ownership, maintenance, or use of motor vehicles . . . .
Any policy of motor vehicle and aircraft insurance covering legal liability of the insured under paragraph (2) of this section . . . may include appropriate provisions whereby the insuring company assumed the obligation of payment of medical, hospital, surgical and funeral expenses arising out of the death or injury of any person . . . .

Plaintiff's counsel have argued that the policy language was barred by this statute, which placed no restriction consistent with the words "reasonable" and "necessary" found in the policy. For that reason, the plaintiff asks us to enter summary judgment for her.

The defendant insurance company points out that the policy is a nearly verbatim copy of forms promulgated by the State Corporation Commission for such policies. One form, A977f, dated May 25, 1984, and effective July 1, 1984, required the policy to "pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services . . . ." The authority for that language was Va. Code Section 38.1-380.1,[2] a part of Article 4, "Liability Insurance Policies." The section required policies written in the Commonwealth to cover liability for:

(a) All reasonable and necessary expenses for medical, hospital, dental, surgical, ambulance, prosthetic and rehabilitation services . . . .

Plaintiff's counsel has proposed that the issue has been decided by the Supreme Court of Virginia in two decisions made November 18, 1988. *State Farm v. Seay,*

[2] Present Section 38.2-2201. [Reporter's Note]

236 Va. 275, 373 S.E.2d 910 (1988), and *Virginia Farm Bureau v. Jerrell*, 236 Va. 261, 373 S.E.2d 913 (1988).

In *Seay*, the Supreme Court of Virginia required that the insurer meet the language of the statute in providing coverage. The facts in that case were that the insured was issued medical payments coverage, but the policy language limited its liability to injuries in nonowned "automobiles," where the statute specified "motor vehicles." The statute examined in that opinion was Va. Code Section 38.1-21. There the court found only the words "motor vehicle," and not the word "automobile" and concluded that a policy covering medical payments must use the more inclusive term.

In *Jerrell*, the court required that the policy conform to the language of the statute and not to the language of the State Corporation Commission forms. In that case, the Commission had issued a form adding language to the statutory language to clear up a perceived ambiguity. The court found that the ambiguity was only one possible construction of the statute and noted that the Commission did not have authority to create "an irreconcilable conflict between the provisions of the policy and the terms of the statute." 373 S.E. 2d at 917. In such a case, of course, the statute must prevail.

In both *Seay* and *Jerrell*, the court looked at Va. Code Section 38.1-21. From these opinions, plaintiff's counsel have concluded that only that section of the statute is pertinent in examining policy language in this case. I think that reliance on such meaning of the two decisions is misplaced.

The facts of the case before me are that the policy is in strict agreement with the applicable statute, namely Section 38.1-380.1. The State Corporation Commission did not add a gloss to the statute but followed the statutory language carefully in drafting the forms to be used. The policy used the exact words of both Section 38.1-21 and 38.1-380.1, carefully following the language prescribed by the General Assembly in the article titled "Liability Insurance Policies." This appears to distinguish this case from *Jerrell*. In *Jerrell* the Commission changed the wording found in the statute.

Furthermore, the policy uses the words prescribed in both articles of the title, without changing terms

to more restrictive words, as was the case in *Seay*. If the General Assembly intended to let the definitions article of the title be a total description of policy terms and conditions, then it would not have enacted Article 4. Having provided us with both Article 2 and Article 4, the General Assembly requires us to examine the insurance policy in the light of both sections and to construe the law in a manner that gives maximum effect to such section. My conclusion is that there is no actual conflict between the two articles and that the more explicit language of section 38.1-380.1 is a reasonable extension of the principles enunciated in the definition language of section 38.1-21.

The motion for summary judgment is denied.