STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

V.

HAROLD GANDY

Record No. 880554

September 22, 1989

Present: All the Justices

*John W. Zunka (Jane P. Long; Taylor & Zunka, Ltd.*, on briefs), for appellant.

*F. Guthrie Gordon, III (Gordon & Wyatt*, on brief), for appellee.

Justice Compton delivered the opinion of the Court.

In this automobile insurance case, the dispositive question is whether expense for treatment of bodily injuries, sustained by an insured when struck by a forklift, was excluded validly from coverage under the medical payments provisions of the insurance policy.

In September 1986, appellee Harold Gandy was injured when his foot was "run over" by a forklift while he was standing on private property and not occupying any motor vehicle. At the time, Gandy was the named insured in a family automobile policy issued by appellant State Farm Mutual Automobile Insurance Company. The policy covered two motor vehicles and contained, under Coverage C, provisions for medical payments.

According to Coverage C, the insurer agreed to pay "all reasonable expenses . . . for necessary medical . . . services . . . for the named insured . . . who sustains bodily injury . . . caused by accident . . . through being struck by an automobile or by a trailer of any type."

Under "Exclusions" applicable to Coverage C, the policy provided that it "does not apply . . . to bodily injury . . . sustained by the named insured . . . through being struck by . . . a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads."

The insurer denied the insured's claim for payment of medical expenses caused by the injury. Subsequently, the insured brought suit on the policy contract in the general district court against the insurer for reimbursement of the expenses. That court ruled against the insured, who appealed to the circuit court. In a trial *de novo*, the circuit court considered certain stipulations and found in favor of the insured. We awarded the insurer this appeal from the

February 1988 order entering summary judgment against it in the amount of $836.36.

The circuit court focused on the language of inclusion in Coverage C (insurer agrees to pay medical expenses when insured injured through being struck by "an automobile"), as opposed to the language of exclusion. The court relied on Code § 38.2-2201 ("[u]pon request of an insured," insurer must provide coverage for medical expense and lost income when insured struck by any "motor vehicle") and *USAA Ins. Co. v. Yaconiello*, 226 Va. 423, 309 S.E.2d 324 (1983) ("motor vehicle" carries a statutory definition sufficiently broad to include motorcycle). The circuit judge, employing a *Yaconiello* rationale, determined that the insurer could not limit such coverage to injuries received from only "automobiles," but must protect against all "motor vehicle" injuries, and that a forklift qualified as a "motor vehicle" under certain statutory definitions of the term.

The parties to the appeal agree that because of our holding in *State Farm Mutual Automobile Ins. Co. v. Seay*, 236 Va. 275, 373 S.E.2d 910 (1988), decided after the ruling below, Code § 38.2-124(B)(1) applies here, not § 38.2-2201. Section 38.2-124(B)(1) permits insurers voluntarily to write medical payments coverage for "motor vehicle" injuries, in the absence of a specific request by the insured for such coverage. *Seay* treated the two statutes as separate and distinct. 236 Va. at 279-80, 373 S.E.2d at 912. Thus, we will analyze this case under § 38.2-124(B)(1) because the insurer chose voluntarily to provide the coverage without a specific request by the insured.

We will assume, without deciding, that the language of inclusion in Coverage C, standing alone and construed as if it contained the statutorily mandated term "motor vehicle," not "automobile," arguably affords coverage to the insured because a forklift qualifies within the definition of "motor vehicle," and the insured sustained "bodily injury . . . caused by accident . . . through being struck by [a motor vehicle]." This brings us to the question whether the language of exclusion applies and, if it does apply, whether the exclusion is valid.

Given the language of the exclusion, making the coverage inapplicable to bodily injury sustained by the insured through being struck by "equipment designed for use principally off public roads, while not upon public roads," the initial inquiry is whether a forklift is such a piece of equipment under these facts.

■ Generally, a forklift is "a machine for hoisting heavy objects . . . by means of a row of steel fingers inserted under the load and drawn up a vertical guide to the required level usu. by hydraulic means." Webster's Third New International Dictionary 892 (1981). The record shows that the forklift in question was "a 1985 Clark model," had "one seat for the operator only," was not registered with the Division of Motor Vehicles, "was not licensed with a vehicle tag," and "was used only in the private yard of the company which owned it." The forklift "was self-propelled," could "operate in forward and reverse," and could "reach a speed of approximately 20 miles per hour," although that "would take a long time and would be very unusual." Clearly, the forklift, which struck the insured on private property, was "equipment designed for use principally off public roads," within the meaning of the exclusion.

But, is the exclusion valid? The insured argues, and the circuit court implicitly held, that the exclusion is invalid and "must be stricken from the policy." Relying on *Seay* and *Virginia Farm Bureau Mut. Ins. Co. v. Jerrell*, 236 Va. 261, 373 S.E.2d 913 (1988), the insured argues that once an automobile liability carrier voluntarily writes Coverage C medical payments insurance, the policy provisions may not conflict with the minimum statutory requirements imposed by Code § 38.2-124. The contention is that if the policy exclusion is not specifically allowed by § 38.2-124, it is invalid as a matter of law. We reject such a contention.

■ Code § 38.2-124, as pertinent here, authorizes an insurer to include "appropriate provisions" in a policy of motor vehicle liability insurance for reimbursement of certain medical benefits "if the injury . . . is caused by accident and sustained . . . through being struck by a motor vehicle." That statute does not address, or prohibit, policy exclusions. Nor is there a conflict or inconsistency between the statutory provisions and the policy exclusion, even if we assume the statutory term "motor vehicle" is broad enough to include a forklift. Inclusion of a forklift within the generic term "motor vehicle" does not mean that an insurer, in writing a contract to indemnify and reimburse for the misfortunes of highway travel, is prohibited from excluding coverage for injuries caused by equipment designed for use primarily on private property, such as the forklift, when the piece of equipment was not upon a public highway at the time of the accident.

■ Moreover, this Court routinely has approved the use of reasonable policy provisions excluding certain risks from coverage. *See, e.g., Cartos* v. *Hartford Indemnity Co.*, 160 Va. 505, 516, 169 S.E. 594, 598 (1933). Reasonable exclusions not in conflict with statute in an insurance contract will be enforced, but it is incumbent upon the insurer to employ exclusionary language that is clear and unambiguous. *See St. Paul Fire & Marine Ins. Co.* v. *Nusbaum & Co.*, 227 Va. 407, 412, 316 S.E.2d 734, 736 (1984). *Accord Hill* v. *State Farm Mutual Automobile Ins. Co.*, 237 Va. 148, 153, 375 S.E.2d 727, 730 (1989). This exclusion meets the test of clarity. Therefore, we hold it is reasonable, valid, and enforceable, precluding the insured from recovering medical payments under the policy in question.

■ *Jerrell* and *Seay*, relied upon by the insured, are inapposite. Those decisions dealt with policy language of inclusion, not exclusion, and applied the rule that when an insurer voluntarily provides medical payments coverage, it must be written to provide at least the coverage prescribed by statute. 236 Va. at 267, 373 S.E.2d at 916; 236 Va. at 280, 373 S.E.2d at 912. Those cases did not address the validity or enforceability of a policy exclusion.

For these reasons, we conclude that the circuit court erred in ruling in favor of the insured. Consequently, the judgment below will be reversed and final judgment will be entered here for the insurer.

*Reversed and final judgment.*