## CIRCUIT COURT OF THE CITY OF RICHMOND

Josette Carey,
Adm'r of the Estate
of Carlton Carey

v.

Provident General Ins. Co.

November 1, 1989

Case No. LR 995-2

By JUDGE ROBERT L. HARRIS, SR.

This case came before the Court on September 12, 1989, on the defendant's Motion for Summary Judgment. The issue is whether funeral expenses of an insured who was killed when his tractor-trailer was struck by a train were excluded validly from coverage under the medical expense benefits provisions of the automobile insurance policy.

Based on plaintiff's Motion for Judgment, a short stipulation received as defendant's Exhibit 1, and the automobile insurance policy, received as defendant's Exhibit 2, the facts are as follows. A railroad train struck the tractor-trailer that plaintiff's decedent was driving, killing him. Plaintiff's decedent, Carlton Carey, owned the tractor-trailer. Carey regularly drove the vehicle in his occupation as a truck driver.

At the time of Carey's death, he resided at the home of his mother-in-law, Lillian Burnley. Mrs. Burnley was the named insured on an automobile policy issued by the defendant, Provident General Insurance Company, in force at the time of the accident. Carey was a "person insured" under the terms of the policy. A 1981 Celica Liftback was named as the insured motor vehicle on the

policy. Carey's truck was not named under the policy as an insured motor vehicle.

The policy provides that: "The company will pay, in accordance with Sections 38.2-2201 or 46.1-497.1 of the Code of Virginia, to or on behalf of each injured person, medical expense benefits as a result of bodily injury caused by accident and arising out of the ownership, maintenance, or use of a motor vehicle . . . ." The policy excludes coverage for:

(1) bodily injury sustained . . . to the extent that benefits . . . are . . . payable under any workmen's compensation law . . .

(2) bodily injury sustained by the named insured or any relative while occupying any motor vehicle owned by or furnished or available for the regular use of such named insured or relative and which is not an insured motor vehicle; and

(3) bodily injury sustained . . . through being struck by . . . a vehicle operated on rails or crawler-treads.

Provident General argues, in its Motion for Summary Judgment, that coverage is excluded by application of either (2) or (3) above. Carey's claim for workers' compensation benefits has been denied and is being appealed. Counsel for the defendant conceded at the hearing that if the appeal is lost, exclusion (1) above will not apply. That provision was not cited as a basis for defendant's motion for summary judgment.

Plaintiff argues in response that, assuming the exclusions apply, they are invalidated by the statutory language in Sections 38.2-124(B) and 38.2-2201 of the Code of Virginia. Section 38.2-124(B)(1) states in pertinent part: "Any policy of 'motor vehicle insurance' may include appropriate [medical expense provisions] . . . if the injury or death is caused by accident and sustained while in or upon . . . or through being struck by a motor vehicle." Va. Code Ann. (1986).

Section 38.2-2201 provides that:

> Upon request of an insured, each insurer . . . shall provide on payment of the premium, as a minimum coverage (i) to persons occupying the insured motor vehicle; and (ii) to the named insured and, while resident of the named insured's household, the spouse and relatives of the named insured while occupying a motor vehicle, or if struck by a motor vehicle while not occupying a motor vehicle, the following health care and disability benefits . . . .

Va. Code Ann. (1986 and Supp. 1989).

Plaintiff argues that the broad statutory language referring to coverage while "occupying a motor vehicle" does not allow for exclusions. She claims that any exclusion that is not specifically mentioned in the statutes is invalid. Such exclusions would, plaintiff argues, allow insurance companies to negate the effect of the statute. Neither statute lists any approved exclusions. Thus, the plaintiff's argument is that the statute mandates coverage for (1) every person in an insured vehicle and (2) insured persons in any vehicle or struck by any vehicle at any place, any time, without exception.

The Virginia Supreme Court has recently handed down an opinion that clearly precludes such an interpretation of the statutory scheme. In *State Farm Mut. Auto. Ins. Co. v. Gandy*, 238 Va. 257 (1989), the court was confronted with an exclusion similar to one of the provisions at issue here. The insurance policy in *Gandy* provided for medical expense benefits similar to those provided in Mrs. Burnley's policy. The policy excluded coverage where the insured was struck by "a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads." *Id.* at 639-40. Interestingly, this exact language of exclusion appears in Mrs. Burnley's policy, immediately preceding the clause "or a vehicle operated on rails or crawler-treads."

The Supreme Court in *Gandy* performed a two-step analysis. First, the court addressed the question of whether the exclusionary language at issue applied to the forklift that struck the plaintiff. After answering that question in the affirmative, the court considered the validity

of the exclusion in view of the statutory language of Section 38.2-124.[1]

Applying the first step in the *Gandy* analysis to this case, the policy's exclusionary language applies to Mr. Carey's accident. Plaintiff's counsel, at oral argument, conceded that the exclusionary language, at least the clause regarding railroad trains, applies here. There is no dispute that Mr. Carey's truck was struck by a railroad train, which is clearly "a vehicle operated on rails" under the policy exclusion. As to the exclusion for a vehicle "owned by or furnished . . . for the regular use of such named insured . . . and which is not an insured motor vehicle," the only argument made by plaintiff is that the tractor-trailer at issue here was not furnished for Mr. Carey's "regular use." I reject this contention on two grounds. First, the clause is in the disjunctive: "owned by *or* furnished . . . for the regular use . . . ." The parties stipulated that Mr. Carey *owned* the truck, so "regular use" is irrelevant. Second, the term "regular use," as defined by the Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Jones*, 238 Va. 467 (1989), includes business use and is not restricted to personal use. The parties here have stipulated that Mr. Carey drove the tractor-trailer regularly. This court concludes that under either clause of Mrs. Burnley's policy, coverage for Mr. Carey's accident would be excluded.

The second step here, as in the *Gandy* case, is to determine whether the exclusions are valid. The insured in *Gandy* made the same argument that plaintiff makes here: unless explicitly provided for in the statute, no exclusions are valid. *Gandy*, 238 Va. at 260.

The language used by the Virginia Supreme Court in *Gandy*, just one month ago, could not be clearer: "We reject such a contention." *Id.* As the court further notes, Section

---

[1] The parties agreed in Gandy that because of the Supreme Court's holding in State Farm Mut. Auto. Ins. Co. v. Seay, 236 Va. 275, 373 S.E.2d 910 (1988), Section 38.2-124(B)(1) applied, not Section 38.2-2201. In Seay, the court held that Section 38.2-2201 only applies where the insured makes a specific request for such optional coverage; the insured in Seay had made no such request. Seay, 236 Va. at 279, 373 S.E.2d at 912. In the present case, Section 38.2-2201 applies because the language of the policy explicitly refers to that section.

38.2-124 "does not address, or prohibit, policy exclusions." *Id.* at 260. The court makes a clear distinction between inclusive and exclusive language. Those cases cited by the insured in *Gandy* and in this case address inclusive language. *See U.S.A.A. Ins. Co. v. Yaconiello,* 226 Va. 423, 309 S.E.2d 324 (1983) (policy offering optional coverage under § 38.1-380.1, now § 38.2-2201, will be construed as if it contained the statutorily mandated term "motor vehicle," which is sufficiently broad to include a motorcycle); *State Farm Mut. Auto. Ins. Co. v. Seay,* 236 Va. 275, 373 S.E.2d 910 (1988) (where insurer offers coverage pursuant to § 38.1-21, now § 38.2-124, that coverage cannot be lessened by substituting the term "automobile" for the statutorily mandated term "motor vehicle"); *Virginia Farm Bureau Mut. Ins. Co. v. Jerrell,* 236 Va. 261, 373 S.E.2d 913 (1988) (following *Seay,* coverage offered under Section 38.1-21, now § 38.2-124, cannot be lessened by using language "while not occupying a motor vehicle" to modify statutory language "through being struck by a motor vehicle").

In *Gandy* the Supreme Court distinguished all of these cases because they all deal with inclusive language. *Gandy,* 238 Va. at 261. The court stated that the statute (§ 38.2-124) does not affect the long-standing practice of Virginia Courts to approve reasonable, clear policy exclusions. *Id.* at 261. *See e.g., Quesenberry v. Nichols,* 208 Va. 667, 159 S.E.2d 636 (1968); *GEICO v. Erie Ins. Exch.,* 222 Va. 342, 282 S.E.2d 238 (1981) (both cases approving exclusion of coverage under liability policy for automobile owned by or furnished for the regular use of an insured person, which is not an insured motor vehicle). The court's reasoning regarding § 38.2-124 is equally applicable to § 38.2-2201. Plaintiff argues that § 38.2-2201 mandates a "minimum coverage." I interpret that statutory language to mean a minimum coverage for those risks not clearly excluded by the policy language.

The court concluded that the exclusion in Gandy's insurance policy was sufficiently clear and unambiguous to meet the standard for approval. *Gandy,* 238 Va. at 261. I hold that the exclusions written by Provident General in this case also pass the test of clarity. One provision excludes coverage where an insured person is injured while driving a vehicle owned by him or furnished

for his regular use but not named in the policy. The message of the provision is clear: if more than one owned vehicle is to be insured, the insured must list all vehicles on the policy and pay the appropriate premium. The second exclusion at issue pertains to a collision with a vehicle which operates on rails. There is no ambiguity: if the insured is struck by a train, there is no coverage.

This Court holds that, under the recent guidance of the Supreme Court, the policy exclusions at issue in defendant's Motion for Summary Judgment are applicable, clear, reasonable, and valid. Mr. Carey's funeral expenses are excluded from coverage.

Defendant's motion for summary judgment is granted.