## CIRCUIT COURT OF ALBEMARLE COUNTY

William R. Baker

v.

State Farm Mutual
Automobile Ins. Co.

May 31, 1990

Case No. 7382-L

By JUDGE PAUL M. PEATROSS, JR.

This case came before the Court on May 22, 1990, on the defendant's Motion for Summary Judgment. The issue is whether plaintiff is entitled to recover medical expenses and income loss benefits as an insured with a family automobile policy issued by defendant for injuries plaintiff allegedly sustained while operating a bus in the course of his duties as a professional bus driver.

The facts before the Court are as follows.

On April 17, 1987, plaintiff was involved in an incident while operating a bus during which time he allegedly sustained pulled muscles in his back while trying to steer the bus he was driving. There was no contact between the plaintiff's bus and any other vehicle or object. The injury occurred while the plaintiff was in the course of his occupation engaged in the duties incident to the operation of a public conveyance, and plaintiff received workers' compensation payments of both medical benefits and lost income as a result of the April 17, 1987, incident. Plaintiff was fully insured under a family automobile policy issued by State Farm which insured a 1973 Galaxie and a 1980 Chevrolet pickup truck. The policy provided personal injury protection benefits.

The Medical Expense and Income Loss Benefits Endorsement of the policy consists of two sections as follows:

## Section I
### Medical Expense Benefits

The Company will pay, in accordance with Sections 38.1-380.1 or 46.1-497.1 of the Code of Virginia, to or on behalf of each injured person, medical expense benefits as a result of bodily injury caused by accident and arising out of the ownership, maintenance, or use of a motor vehicle as a motor vehicle.

Section I "Exclusions" provides:

This insurance does not apply . . . .
(b) to bodily injury sustained by any person to the extent that benefits therefor are in whole or in part payable under any workmen's compensation law, employer's disability benefits law or any other similar law . . . .

The second section provides:

## Section II
### Income Loss Benefits

The Company will pay, in accordance with Sections 38.1-380 or 46.1-497.1 of the Code of Virginia, to or on behalf of each injured person, income loss benefits as a result of bodily injury caused by accident and arising out of the ownership, maintenance, or use of a motor vehicle as a motor vehicle.

The "Exclusions" paragraph of Section II states:

The exclusions contained in Section I also apply to Section II, and the insurance under Section II does not apply to bodily injury sustained by any person in the course of his occupation while engaged (1) in duties incident

to the operation . . . of . . . a public or livery conveyance . . . .

When the legislature re-codified Title 38.1 effective July 1, 1986, Section 38.1-380.1 became Section 38.2-2201, the statute in effect on April 17, 1987.

State Farm argues, in its Motion for Summary Judgment, that coverage is excluded by application of the "Exclusions" noted above.

Plaintiff argues in response that, assuming that the exclusions apply, the "workers' compensation" exclusion is invalid and has never been upheld by the Supreme Court of Virginia, and, the "public conveyance" exclusion is invalid because Section 38.2-2201 of the Code of Virginia mandates the coverage which has to be provided, and State Farm cannot vary from the statute by excluding coverage in the policy.

Section 38.2-2201(A) provides that:

> Upon request of an insured, each insurer . . . shall provide on payment of the premium, as a minimum coverage (i) to persons occupying the insured motor vehicle; and (ii) to the named insured and, while resident of the named insured's household, the spouse and relatives of the named insured while occupying a motor vehicle, or if struck by a motor vehicle while not occupying a motor vehicle, the following health care and disability benefits . . . . Va. Code Ann. (1986 and Supp. 1990).

Plaintiff argues that § 38.2-2201 analysis dictates that no provision which varies from the statute can be allowed, and the Court must look to the statute only and not to the exclusions found in the policy. Therefore, he claims that since the exclusion is not specifically mentioned in the statute, it is invalid.

Defendant relies on the case of *State Farm Mutual Auto Ins. Co. v. Gandy*, 238 Va. 257 (1989), where the Court was confronted with an exclusion similar to the ones at issue in this case. The Supreme Court in *Gandy* performed a two-step analysis. First, the Court addressed the question of whether the exclusionary language at issue

applied to the forklift that struck the plaintiff. After answering that question in the affirmative, the court considered the validity of the exclusion in view of the statutory language of § 38.2-124.

Applying the first step in the *Gandy* analysis to this case, the Court finds that the policy exclusions in the plaintiff's family automobile policy apply to the facts in this case. The "workers' compensation" exclusion is clearly stated, and the plaintiff has admitted that he received Workers' Compensation benefits of both medical benefits and lost income as a result of the April 17, 1987, incident, which is the subject of this lawsuit. Likewise, the "public conveyance" exclusion is clearly stated, and plaintiff has admitted that the bodily injury which he claims to have sustained on April 17, 1987, was sustained by him in the course of his occupation while engaged in duties incident to the operation of a public or livery conveyance.

The second step to be applied, as was done in the *Gandy* case, is to determine whether the exclusions are valid.

The Court finds that the exclusions are valid for the reasons set forth in the letter opinion of the Honorable Robert L. Harris, Sr., Circuit Court of the City of Richmond, dated November 1, 1989, at page 4, *et seq.*, which was attached to defendant's Motion for Summary Judgment and which the Court incorporates by reference into this opinion.

Therefore, the Court holds that the exclusions are valid, and defendant's Motion for Summary Judgment is granted.