Filed:  July 21, 2005

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No.  02-1088

———————————

BOYD AND STEVENSON COAL COMPANY; OLD REPUBLIC
INSURANCE COMPANY,

Petitioners,

versus

DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR;
IRENE SLONE,

Respondents.

———————————

O R D E R

———————————

The Director has moved that we correct the last two sentences in the first full paragraph of Part IV of our slip opinion, appearing on pages 10 and 11 thereof.

We have considered the motion and the responses of the parties and correct the last two sentences of the said paragraph to read:

> Accordingly, the only forms Mrs. Slone was required to file to receive her widow's benefits were those required under 20 C.F.R. §§ 725.304 and 725.305.  There is no time limit on the filing of those forms.  20 C.F.R. § 725.308(a). Mrs. Slone filed her claim in April, 1999, and, there being no time limit on the filing of her claim, it was timely filed.

With the concurrences of Judge Wilkinson and Judge Niemeyer.

/s/ H. E. Widener, Jr.

For the Court

PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

BOYD AND STEVENSON COAL
COMPANY; OLD REPUBLIC INSURANCE
COMPANY,

*Petitioners,*

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; IRENE
SLONE,

*Respondents.*

No. 02-1088

On Petition for Review of an Order
of the Benefits Review Board.
(01-202)

Argued: January 21, 2003

Decided: May 13, 2005

Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.

___

Vacated and remanded with instructions by published opinion. Judge
Widener wrote the opinion, in which Judge Wilkinson and Judge Nie-
meyer concurred.

___

## COUNSEL

**ARGUED:** Mark Elliott Solomons, GREENBERG TRAURIG,
L.L.P., Washington, D.C., for Petitioners. Mark S. Flynn, Senior

Appellate Attorney, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents. **ON BRIEF:** Laura Metcoff Klaus, GREENBERG TRAURIG, L.L.P., Washington, D.C., for Petitioners. Eugene Scalia, Solicitor of Labor, Allen H. Feldman, Associate Solicitor for Special Appellate and Supreme Court Litigation, Nathaniel I. Spiller, Deputy Associate Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director; Joseph E. Wolfe, W. Andrew Delph, Jr., WOLFE, WILLIAMS & RUTHERFORD, Norton, Virginia, for Respondent Slone.

---

**OPINION**

WIDENER, Circuit Judge:

Defendants, Boyd & Stevenson Coal Company (Boyd & Stevenson) and Old Republic Insurance Company (Old Republic), seek relief from an order of the Department of Labor's (DOL) Benefits Review Board holding defendants responsible for the payment of survivor benefits to a miner's widow, claimant Mrs. Irene Slone, under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. The parties agree that Mrs. Slone is entitled to survivor benefits. The issue on appeal is whether Boyd & Stevenson and its insurer, Old Republic, are responsible for payment of these benefits. Finding that the decision of the Benefits Review Board is contrary to law, we reverse.

I.

Ezra Slone, claimant's deceased husband, worked as a coal miner for Boyd & Stevenson from 1970 to 1974. Old Republic insured Boyd & Stevenson's black lung claims. After leaving Boyd & Stevenson, Slone worked as a coal miner for Viking Mining Corporation (Viking) from 1974 to 1988. Viking's insurer for black lung benefit claims was Rockwood Insurance Company (Rockwood).

Ezra Slone filed a claim for black lung benefits in 1989, and on February 14, 1990, an ALJ issued a decision awarding Ezra Slone benefits. Viking, as Slone's most recent coal mining employer, was

designated as the responsible operator along with its insurer, Rockwood. However, previously, on June 1, 1989, Viking had been "automatically terminated" as a corporation for failing to file annual reports with the Commonwealth of Virginia. Nevertheless, Viking's insurer, Rockwood, remained in existence. Rockwood, therefore, assumed responsibility for covering Viking employees' black lung claims and began making benefit payments to Ezra Slone.

On August 26, 1991, a Pennsylvania court declared Rockwood insolvent, dissolved its corporate existence, and directed the insurance commissioner of Pennsylvania to liquidate Rockwood. Notice was given requiring all claims against Rockwood to be filed with the liquidator by August 26, 1992. Following Rockwood's insolvency and pursuant to Virginia Code Annotated sections 38.2-1600 and 38.2-1606, the Virginia Property and Casualty Insurance Guarantee Association (VPCIGA) assumed responsibility for insurance claims against the now insolvent Rockwood and took up payment of Ezra Slone's black lung benefits until his death on March 25, 1999.

After Ezra Slone's death, his widow and only dependent under the Black Lung Act, Mrs. Irene Slone, filed a claim in April 1999 for survivor benefits. The Office of Workers' Compensation Programs (OWCP) approved the award of benefits to Mrs. Slone and initially designated Viking as the potentially responsible operator on the claim. After discovering Viking's termination as a corporation and Rockwood's insolvency, the Director turned to VPCIGA for payment of benefits. Pursuant to a letter dated June 29, 1999, VPCIGA denied that it was responsible for payment of Mrs. Slone's survivor benefits because "[a]ll claims [against Rockwood] must have been filed by August 26, 1992."

The Director accepted VPCIGA's argument and designated the next most recent employer, Boyd & Stevenson, as the operator responsible for payment of Mrs. Slone's benefits. Boyd & Stevenson and Old Republic contested liability and the case was transferred to the Office of Administrative Law Judges for hearing.[1]

---

[1]Mrs. Slone's entitlement to benefits is not at issue in this case. While Boyd & Stevenson initially opposed Mrs. Slone's entitlement to benefits, by a letter dated May 5, 2000, and during the ALJ hearing held on May 12, 2000, Boyd & Stevenson conceded that Mrs. Slone was entitled to survivor benefits.

After a hearing and pursuant to a written order issued September 29, 2000, the ALJ awarded Mrs. Slone benefits and designated Boyd & Stevenson as the responsible operator pursuant to 20 C.F.R. § 725.492(a)(4) (1999). The ALJ determined that because the evidence showed that Viking had been dissolved more than eleven years prior to the hearing and Rockwood had been liquidated in 1991, Viking and Rockwood were not *currently* "capable of assuming [ ] liability for the payment of continuing benefits," and therefore Viking did not meet the definition of responsible operator under 20 C.F.R. § 725.492(a)(4) (1999). The ALJ also concluded that because Viking's officers had complied with regulations requiring them to obtain and keep insurance while the company was in operation, the officers were not liable individually for payment of benefits. See 20 C.F.R. §§ 725.492(a)(4), 725.495(a) (1999). The ALJ accepted, without discussion, the Director's position that VPCIGA's August 26, 1992, deadline applied to Mrs. Slone's claim for survivor benefits.

On appeal, the Benefits Review Board affirmed the decision of the ALJ. With respect to defendants' contention that VPCIGA was responsible for the payment of Mrs. Slone's benefits, the Board concluded that VPCIGA "is a statutorily established method of providing prompt payment of covered claims that result from the insolvency of an insurer" and because Mrs. Slone's claim was filed after August 26, 1992, VPCIGA "was not legally obligated by the BLBA or state statute to provide insurance coverage to the claimant based on her 1999 survivor's claim."

On January 18, 2002, Boyd & Stevenson and Old Republic filed with this court a petition for review of the Benefits Review Board's final decision affirming the ALJ's order.

## II.

On review, Boyd and Stevenson and its insurer, Old Republic, advance two arguments for why the decision of the Benefits Review Board was in error. First, they maintain that federal law requires all insurers and reinsurers to assume full liability for black lung benefits claim payments, and therefore that the BLBA preempts contrary state laws which limit reinsurers' liability through under-inclusive filing deadlines. Second, defendants argue that even if Rockwood and

VPCIGA are not responsible for payment of Mrs. Slone's claim, the Director, in accordance with *Dir., Office of Workers' Compensation Programs v. Trace Fork Coal Co.*, 67 F.3d 503, 507 (4th Cir. 1995), failed to investigate whether Viking, through an undiscovered successor or through Viking's former officers in their individual capacity, had the ability to pay survivor benefits. And Mrs. Slone raises another point addressed in her briefs: Whether Virginia law allows VPCIGA to deny benefit payments to Mrs. Slone based on VPCIGA's position that her claim was not timely filed and whether Mrs. Slone's claim is separate and distinct from her husband's original claim.

In reviewing a decision of the Benefits Review Board, our review is governed by the same standard the Board applies when reviewing an ALJ's decision. *Walker v. Dir., Office of Workers' Compensation Programs*, 927 F.2d 181, 183 (4th Cir. 1991). Factual determination will be upheld if the record contains "substantial evidence" supporting the ALJ's decision. *Walker*, 927 F.2d at 183. We review conclusions of law *de novo. Walker*, 927 F.2d at 183.

We need not, and do not, determine whether federal law preempts Virginia law; or whether the Director failed to properly investigate whether Viking had the ability to pay Mrs. Slone's survivor's claim through a successor or its corporate officers; or even whether Old Republic is the responsible operator under the Black Lung Act. Rather, our review of the applicable contract provisions and principles of insurance law leads us to conclude that VPCIGA is obligated by Virginia law to pay Mrs. Slone's survivor's claim.

### III.

The Virginia General Assembly created VPCIGA to "provide prompt payment of covered claims to reduce financial loss to claimants or policyholders resulting from the insolvency of an insurer." Va. Code Ann. § 38.2-1600. The General Assembly directs that the provisions governing VPCIGA shall be "liberally construed to effect the purpose under § 38.2-1600." Va. Code Ann. § 38.2-1602. VPCIGA is obligated to pay a "covered claim" for policies issued by an insolvent insurer. Va. Code Ann. § 38.2-1606(A)(1). A "covered claim" is defined as

an unpaid claim, including one for unearned premiums, submitted by a claimant, which arises out of and is within the coverage and is subject to the applicable limits of a policy covered by this chapter and issued by an insurer who has been declared to be an insolvent insurer.

Va. Code Ann. § 38.2-1603.

While plaintiff's claim for survivor benefits clearly falls within this definition, VPCIGA seeks to limit its liability through statutory language stating:

a covered claim shall not include any claim filed with the Guaranty Association after the final date set by the court for the filing of claims against the liquidator or receiver of an insolvent insurer.

Va. Code Ann. § 38.2-1606-A.1.b.

The statutory notice sent by the liquidator to persons insured following Rockwood's insolvency states as follows:

**Filing of Claims:**

If you are a claimant of Rockwood and are currently receiving workers compensation benefits, *you need not file a proof of claim form with the liquidator.* All known claims will be forwarded directly to the proper association for handling. Please note that the association may require you to complete certain forms in order to continue your benefits. Any submissions for new claims should be presented to the statutory liquidator.

(emphasis in original). The notice continues on the next page stating:

**Filing of Claims**:

If you are an insured or claimant, and you wish to file a claim for monies owed to you by Rockwood, you must file

a Proof of Claim form with the Statutory Liquidator not later than 8/26/92. If you fail to file a proof of claim by this date, your claim may not be considered as a valid claim against the Estate. A proof of claim is enclosed.

Instructions for the completion of this form are attached to the Proof of Claim.

The DOL maintains that Mrs. Slone's claim for survivor benefits is a separate and distinct claim from her husband's original claim, and therefore because she did not file a claim for survivor benefits until April 1999, her claim was filed "after the final date set by the court for filing of claims against the liquidator or receiver of an insolvent insurer" and is time-barred. Because principles of insurance law and the rules of statutory interpretation conflict with VPCIGA's interpretation, we conclude that Mrs. Slone's claim was timely filed because her claim is derivative of her husband's claim which was filed before the August 26, 1992, deadline.

A principal problem with the DOL and VPCIGA's argument is that it creates a condition impossible for Mrs. Slone to perform. Mrs. Slone's husband did not die until March 25, 1999, and therefore, the position advanced by the DOL and VPCIGA would have required Mrs. Slone to file a claim for survivor benefits in 1992, prior to her husband's death and before her derivative right to benefits as a survivor of Ezra Slone had accrued. Thus, filing a claim for benefits prior to 1992 was a condition impossible for Mrs. Slone to fulfil. The general rule of insurance law dictates that conditions precedent which are impossible of performance are ineffectual and void. *Insurance Law and Practice*, Appleman, 1981, § 7005; *Couch on Insurance 3d*, § 83:26; see generally *Daburlos v. Commercial Ins. Co.*, 381 F. Supp. 393, 400 (E.D. Pa. 1974); *Strauther v. Gen. Am. Life Ins. Co.*, 141 S.W.2d 128, 130 (Mo. Ct. App. 1940). Accordingly, we reject DOL and VPCIGA's argument that either an insurance contract or a court order created a duty impossible for Mrs. Slone to perform. For court orders, see generally *Maggio v. Zeitz*, 333 U.S. 56, 69 (1948) ("Every precaution should be taken that orders issue, in turnover as in other proceedings, only after legal grounds are shown and only when it appears that obedience is within the power of the party being coerced by the order.").

It is a general principle of contract law that exclusionary language in a contract will be construed against an insurer. In *American Reliance*, the Supreme Court of Virginia summarized the law of exclusionary insurance provisions as follows:

> Exclusionary language in an insurance policy will be construed most strongly against the insurer and the burden is upon the insurer to prove that an exclusion applies. *Johnson v. Insurance Co. of North America*, 232 Va. 340, 345, 350 S.E.2d 616, 619 (1986). Reasonable exclusions not in conflict with statute will be enforced, but it is incumbent upon the insurer to employ exclusionary language that is clear and unambiguous. *State Farm Mutual Ins. Co. v. Gandy*, 238 Va. 257, 261, 383 S.E.2d 717, 719 (1989). An ambiguity, if one exists, must be found on the face of the policy. *Nationwide Mutual Ins. Co. v. Wenger*, 222 Va. 263, 268, 278 S.E.2d 874, 877 (1981). And, language is ambiguous when it may be understood in more than one way or when it refers to two or more things at the same time. *Lincoln National Life Ins. Co. v. Commonwealth Container Corp.*, 229 Va. 132, 136-37, 327 S.E.2d 98, 101 (1985). Finally, doubtful, ambiguous language in an insurance policy will be given an interpretation which grants coverage, rather than one which withholds it. *St. Paul Ins. v. Nusbaum & Co.*, 227 Va. 407, 411, 316 S.E.2d 734, 736 (1984).

*Am. Reliance Ins. Co. v. Mitchell*, 385 S.E.2d 583, 585 (Va. 1989).

The notice provision sent to Rockwood claimants after Rockwood's termination is capable of two interpretations, whether Mrs. Slone's claim is a separate claim or is derivative of the claim of her husband. DOL and VPCIGA assert that the miner's claim and survivor's claim are two separate and distinct claims because more than one person receives benefits. Given the Virginia Supreme Court's *Mitchell* directive that exclusionary language is to be construed in favor of granting coverage, we agree with Mrs. Slone and decline to adopt the DOL and VPCIGA's narrow and exclusionary interpretation of her claim.

The notice provision does *not* require persons currently receiving benefits to refile their claim because the claim is already known and can be forwarded to VPCIGA for handling.

> If you are a claimant of Rockwood and are currently receiving workers compensation benefits, *you need not file a proof of claim form with the liquidator.* All known claims will be forwarded directly to the proper association for handling. Please note that the association may require you to complete certain forms in order to continue your benefits. (emphasis in original).

Similarly, a survivor's claim arises out of the same injury as a miner's claim and therefore both VPCIGA and Rockwood knew that once the miner died, the payments would not necessarily cease, but instead that the claim would continue if the miner had a surviving spouse or dependent. Because survivor's claims arise out of the same facts and are derivative of the original claim, they are not new claims for benefits and thus should be considered timely if the miner's original claim is timely filed. As Mrs. Slone was not making a new claim for benefits,[2] she was not required to file a separate claim to meet the August 1992 deadline.[3]

In this respect, this case is distinguishable from the Virginia Court of Appeals decision in *Uninsured Employer's Fund v. Mounts*, 484 S.E.2d 140 (Va. Ct. App. 1997). The *Mounts* claimant, a former coal

---

[2]Nothing in the BLBA or the Virginia statute creating VPCIGA requires us to treat the miner's claim and the survivor's claim as separate entities. We decline to accept the DOL's argument and instead adopt a position which recognizes the realities of insurance law and brings the facts of this case "into conformity with reason and common sense." *Rogers v. Tennessee*, 532 U.S. 451, 467, 121 S. Ct. 1693, 149 L. Ed. 2d 697 (2001).

[3]This is not to say that the surviving spouse or dependent does not have to prove that she is entitled to survivor benefits. The terms of the notice provision recognize VPCIGA may require Mrs. Slone to complete additional forms after Ezra Slone's death to establish that she is eligible for benefits. Additional qualification requirements, however, do not make this a new claim.

miner employee, discovered he had pneumoconiosis after the deadline for making claims to Rockwood's liquidator had passed. *Mounts*, 484 S.E.2d at 142. Because the claim was filed after the deadline, the Virginia Supreme Court held that VPCIGA was not obligated to pay benefits under the statute. *Mounts*, 484 S.E.2d at 144-45. In this case, to the contrary, Slone's original claim was filed before the deadline, and unlike the claimant in *Mounts*, VPCIGA knew that Mr. Slone was receiving benefits on his claim prior to the August 1992 deadline. VPCIGA also knew that the same essential facts establishing the miner's claims would support any derivative survivor's claim after his death. To allow VPCIGA to bar recovery by creating a technical defense impossible for Mrs. Slone to comply with is contrary to principles of insurance law and justice. Accordingly, we adopt an interpretation which recognizes that a survivor's claim is part of a miner's original claim for filing purposes, and thus we are of opinion that *Mounts* does not bar recovery.

Finally, we are mindful of the Virginia General Assembly's directive that the Act creating VPCIGA "be liberally construed" to "provide prompt payment of covered claims [in order] to reduce financial loss to claimants or policyholders resulting from the insolvency of an insurer." Va. Code Ann. §§ 38.2-1602, -1604. We do not believe that the General Assembly intended for VPCIGA to deny payment of survivor's claims based on conditions impossible for the surviving spouse to perform.

IV.

Our decision is also supported on an entirely independent basis which we hold is applicable here. That basis is that the statutory notice given did not require Mrs. Slone to file her claim. As noted *supra*, the notice, which is quoted here at p.6, stated that "[i]f you . . . are currently receiving workers compensation benefits, *you need not file a proof of claim form with the liquidator*." (emphasis in original) At the time this notice was sent, Mr. Slone was receiving black lung benefits from Rockwood, which, under 20 C.F.R. § 726.203, are included in the general term "workmen's compensation." The Slones therefore were not required to file a proof of claim under the plain language of the notice. Accordingly, the only forms Mrs. Slone was required to file to receive her widow's benefits were those required

under 20 C.F.R. § § 725.304 and 725.305. There is no time limit on the filing of those forms.  20 C.F.R. § 725.308(a).  Mrs. Slone filed her claim in April, 1999, and, there being no time limit on the filing of her claim, it was timely filed.

Accordingly, the judgment of the Benefits Review Board is vacated and the case is remanded to the Board with instructions to enter its order designating VPCIGA as the insurer responsible for payment of Mrs. Slone's survivor benefits.

The Petition for Review is granted and the case is remanded with instructions.

*VACATED AND REMANDED*
*WITH INSTRUCTIONS*