# WILLIAM R. BAKER

### V.

# STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Record No. 901235

June 7, 1991

Present: All the Justices

*F. Guthrie Gordon, III (Janice L. Redinger; Gordon & Wyatt,* on brief), for appellant.
*John W. Zunka (Jane P. Long; Taylor & Zunka,* on brief), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

In this automobile insurance case, we decide whether an insurer may enforce an exclusion from coverage absent specific authorization for such an exclusion in a statute that required the insurer to offer such coverage.

On April 17, 1987, while driving a bus in the course of his employment, William R. Baker "pulled" the muscles in his back "when the steering on the bus locked up." At the time of his injury, Baker was a named insured under a family automobile policy issued by State Farm Mutual Automobile Insurance Company (State Farm) covering two motor vehicles. The policy contained an endorsement providing that

> [t]he company will pay, in accordance with [section] 38.1-380.1 [now § 38.2-2201] . . . to or on behalf of each injured person, medical expense benefits as a result of bodily injury caused by accident and arising out of the . . . use of a motor vehicle . . . .

However, the endorsement also provided that

> [t]his insurance does not apply:
> . . . .
> (b) to bodily injury sustained by any person to the extent that benefits therefor are in whole or in part payable under any workmen's compensation law, employer's disability benefits law or any other similar law.

Baker filed this action against State Farm to recover a portion of the medical expenses he incurred as a result of his injuries. Baker's answer to State Farm's request for admissions admitted

that he had received workers' compensation benefits for medical expenses arising out of his injury.

State Farm moved for summary judgment based upon the above policy exclusion. Baker opposed the motion upon the ground that the policy exclusion was invalid because it was not authorized by Code § 38.2-2201.[1]

The trial judge sustained State Farm's motion. Baker appeals. The parties agree that the issue in this appeal is whether Code § 38.2-2201 permits an insurer to exclude coverage in the absence of an express statutory authorization.

In *State Farm Mut. Auto. Ins.* v. *Gandy*, 238 Va. 257, 383 S.E.2d 717 (1989), an insured contended that a policy exclusion for medical payments arising out of injuries incurred when struck by "equipment designed for use principally off public roads" was invalid because it was not "specifically allowed by Code § 38.2-124," a statute permitting automobile liability insurers voluntarily to provide such coverage. *Id.* at 259, 260, 383 S.E.2d at 718, 718-19. Despite the insured's contention, we held that the reasonable, clear, and unambiguous exclusion was valid and enforceable. *Id.* at 261, 383 S.E.2d at 719.

Here, a clear and unambiguous provision reasonably excludes medical payments coverage where those benefits are payable under a workers' compensation statute. Here, as in *Gandy*, the "statute does not address, or prohibit, policy exclusions. Nor is there a conflict or inconsistency between the statutory provisions and the policy exclusion." *Id.* at 260, 383 S.E.2d at 719.

Baker attempts to distinguish *Gandy* on the ground that Gandy's coverage was written *voluntarily* under the provisions of Code § 38.2-124(B)(1); here, the requested coverage was *required* to be provided under the provisions of Code § 38.1-380.1 (now Code § 38.2-2201). It makes no difference, however,

---

[1] Code § 38.2-2201 provides in pertinent part that:

A. Upon request of an insured, each insurer licensed in this Commonwealth issuing or delivering any policy or contract of bodily injury or property damage liability insurance covering liability arising from the ownership, maintenance or use of any motor vehicle shall provide on payment of the premium, as a minimum coverage . . . to the named insured . . . while occupying a motor vehicle . . . the following health care and disability benefits for each accident:

1. All reasonable and necessary [medical] expenses resulting from the accident . . . up to $2,000 per person.

Code § 38.2-2201 is a successor to Code § 38.1-380.1, the section cited in the insurance policy. The provisions of each statute pertinent to this appeal are substantively the same.

whether medical payment coverage is provided voluntarily or under statutory compulsion. "[O]nce the [voluntary] coverage is provided, it must be written to provide at least the coverage prescribed by Code § 38.1-21."[2] *State Farm Mut. Auto. Ins.* v. *Seay*, 236 Va. 275, 280, 373 S.E.2d 910, 912 (1988). Thus, we conclude that the *Gandy* rationale applies to this case and the trial court correctly sustained State Farm's motion for summary judgment.

Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*

JUSTICE LACY, with whom CHIEF JUSTICE CARRICO and JUSTICE RUSSELL join, dissenting.

I dissent. The majority brushes off the distinction between coverage written under § 38.2-124 which an insurer *may choose* to include in an automobile liability policy, and coverage written under § 38.2-2201 which the insurer *must offer* as part of an automobile liability policy. Any distinction is irrelevant, the majority states, because:

> "[O]nce the [voluntary] coverage is provided, it must be written to provide at least the coverage prescribed by Code § 38.1-21 [now § 38.2-124]." *State Farm Mut. Auto. Ins.* v. *Seay*, 236 Va. 275, 280, 373 S.E.2d 910, 912 (1988).

Apparently, the majority holds that because the insured's purchase of coverage under § 38.2-2201 is optional, the nature of the coverage is voluntary and, therefore, must comply with the "coverage prescribed" by § 38.2-124. This position is illogical and at odds with our prior cases.

The validity of any policy exclusion should be measured against the coverage requirements of the applicable statute. Here, the statute in issue is § 38.2-2201, not § 38.2-124, and there are differences in the nature and requirements of coverage written under each of the sections. Some of those differences were examined in *Seay*, which the majority cites, where the provisions of § 38.2-2201 were specifically characterized as mandatory. 236 Va. at

---

[2] Code § 38.1-21 was recodified and amended as Code § 38.1-124. The provisions of each statute pertinent to this appeal are substantively the same.

279, 373 S.E.2d at 912. The majority now is either erasing those differences or judicially altering the coverage requirements of § 38.2-2201 to replicate those of § 38.2-124.

Examining the policy exclusion in issue in light of the coverage requirements of the appropriate statute, § 38.2-2201, dictates a reversal of the trial court's judgment. A policyholder may decline to purchase any coverage offered under § 38.2-2201; nevertheless, the insurer must offer the option to buy the coverage. The coverage offered must apply to the occupants of the insured motor vehicle, as well as to the named insured and members of his household when using the motor vehicle, or if struck by a motor vehicle while not in a motor vehicle. The policyholder must be allowed to purchase coverage for (1) various medical and funeral expenses resulting from an accident up to $2,000 per person, or (2) loss of income up to $100 per week up to one year from the date of the accident, or (3) both medical expense and loss of income.

The policy exclusion allows the company to avoid paying benefits if such benefits are compensable under workers' compensation, regardless of whether the insured actually receives any payment under workers' compensation. Validating this exclusion, as the majority does today, completely vitiates the coverage required by § 38.2-2201.

In my opinion, the exclusion at issue is invalid, and Baker is entitled to coverage for his claims under the personal injury protection portion of his family automobile liability policy. This result is consistent with the principle collectively established by prior cases: if certain coverage is mandated by statute, or if a company voluntarily undertakes to provide non-required coverage, it must comply with any statutory requirements applicable to that coverage; subject to the exception that exclusions from policy coverage that are clear and unambiguous and do not violate public policy or other statutory requirements are valid. *State Farm Mutual Auto. Ins. v. Gandy*, 238 Va. 257, 261, 383 S.E.2d 717, 719 (1989); *Hill v. State Farm Mutual Auto. Ins.*, 237 Va. 148, 152, 375 S.E.2d 727, 729 (1989); *Seay*, 236 Va. at 280, 373 S.E.2d at 912-13; *Virginia Farm Bureau v. Jerrell*, 236 Va. 261, 267, 373 S.E.2d 913, 916 (1988). If a policyholder purchases coverage under § 38.2-2201, the insurer is not entitled to exclude or lessen the levels of coverage mandated by the statute, as State Farm has attempted to do here.