Present: Carrico, C.J., Compton, Stephenson, Whiting,[1] Lacy,
Hassell, and Keenan, JJ.

BARBARA E. COTCHAN, ET AL.

                              OPINION BY JUSTICE ROSCOE B. STEPHENSON, JR.
                                        September 15, 1995
v.  Record No. 941858


STATE FARM FIRE & CASUALTY COMPANY

              FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                         Richard B. Potter, Judge


    The sole issue in this appeal is whether an exclusion in an

automobile insurance policy respecting payment of medical expense

benefits conflicts with and is prohibited by statutory law.

    State Farm Fire & Casualty Company (State Farm) filed a

declaratory judgment proceeding against Barbara E. Cotchan,

Wesley S. Cotchan, and Christopher J. Cotchan (collectively, the

Cotchans), seeking a declaration that Christopher was not

entitled to medical expense benefits under a family automobile

insurance policy.  The parties stipulated the facts, and each

party moved for summary judgment.  The trial court ruled in favor

of State Farm, and the Cotchans appeal.

    The relevant facts, as stipulated, are as follows.  State

Farm issued an automobile insurance policy to Barbara and Wesley

Cotchan as the named insureds.  In accordance with Code § 38.2-

2201, the policy provides that State Farm will pay "to or on

behalf of each injured person, medical expense benefits as a

result of bodily injury caused by accident and arising out of the

_____

    [1]Justice Whiting participated in the hearing and decision of
this case prior to the effective date of his retirement on August
12, 1995.

ownership, maintenance or use of a motor vehicle as a motor vehicle."  The medical expense coverage provided protection not only to Barbara and Wesley, but also to other persons who are related to them by blood, marriage, or adoption and who are residents of the same household.  See Code § 38.2-2201.  An exclusion in the policy, however, provides that such insurance does not apply "to bodily injury sustained by the named insured or any relative while occupying any motor vehicle owned by or furnished or available for the regular use of such named insured or relative and which is not an insured motor vehicle."  The only vehicle listed in the policy was a 1987 Chevrolet Cavalier.

On November 24, 1992, while the policy was in effect, Christopher sustained bodily injury and incurred medical expenses as a result of a motor vehicle collision which occurred while he was operating a motorcycle.  The motorcycle was owned by and registered to Christopher and was insured for liability by Progressive Insurance Company (Progressive).  Christopher had rejected medical expense coverage on his motorcycle under his policy with Progressive, and, therefore, the Progressive policy provided no medical expense benefits.

Christopher filed a claim with State Farm requesting payment of medical bills incurred for the treatment of his injuries.  State Farm, relying on the subject policy exclusion, denied medical expense coverage to Christopher because the motorcycle was not an insured motor vehicle under the provisions of its

policy.

Code § 38.2-2201 provides, in relevant part, that an insurer shall provide medical expense coverage "(i) to persons occupying the insured motor vehicle; and (ii) to the named insured and, while resident of the named insured's household, the spouse and relatives of the named insured while in or upon, entering or alighting from or through being struck by a motor vehicle while not occupying a motor vehicle."

The Cotchans contend that Code § 38.2-2201 mandates medical expense coverage for the resident relatives of the named insured while in or upon any motor vehicle. The Cotchans assert, therefore, that the subject policy exclusion is invalid because it attempts to exclude coverage that is mandated by Code § 38.2-2201.

State Farm asserts, on the other hand, that Code § 38.2-2201 does not prohibit reasonable exclusions of medical expense coverage that are clear and unambiguous. State Farm opines that the subject policy exclusion is reasonable, clear, and unambiguous.

We have considered the validity of policy provisions that excluded medical expense coverage in two recent cases. In State Farm Mutual Auto. Ins. v. Gandy, 238 Va. 257, 258, 383 S.E.2d 717, 717 (1989), the insurer agreed to pay all reasonable medical expenses for the named insured for bodily injury caused by accident through being struck by an automobile or by a trailer of

- 3 -

any type.  The insurance policy further provided, however, that it "does not apply . . . to bodily injury . . . sustained by the named insured . . . through being struck by . . . a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads."  Id.  The insured was injured when his foot was "run over" by a forklift while he was standing on private property.  Id.

In Gandy, like the present case, the insured contended that the exclusion was invalid because it conflicted with the minimum requirements imposed by statute.  We rejected the insured's contention and held that the exclusion was valid.  In so holding, we noted that the statute did not address or prohibit policy exclusions and that the exclusion did not conflict with the statutory provisions.  Id. at 260, 383 S.E.2d at 718-19.  We further stated that an exclusion is valid if it is reasonable, clear, and unambiguous.  Id. at 261, 383 S.E.2d at 719.

In Baker v. State Farm Mut. Auto Ins., 242 Va. 74, 75, 405 S.E.2d 624, 624 (1991), the insured, while operating a bus in the course of his employment, sustained a back injury "when the steering on the bus locked up."  The insured received workers' compensation benefits for his medical expenses, and also sought to recover a part of his medical expenses under his automobile insurance policy.  Id. at 75-76, 405 S.E.2d at 625.  The policy, however, provided that the medical expense benefits coverage did not apply "to bodily injury sustained by any person to the extent

- 4 -

that benefits therefor are in whole or in part payable under any [workers'] compensation law." Id. at 75, 405 S.E.2d at 624. The insurer, therefore, declined to pay under the policy, and the insured contended that the exclusion was invalid because it was not authorized by Code § 38.2-2201. Id. at 76, 405 S.E.2d at 625.

Relying upon Gandy, we held that "a clear and unambiguous provision reasonably excludes medical payments coverage where those benefits are payable under a workers' compensation statute," and that, as in Gandy, the "`statute does not address, or prohibit, policy exclusions. Nor is there a conflict or inconsistency between the statutory provisions and the policy exclusion.'" Id. at 76, 405 S.E.2d at 625 (quoting Gandy, 238 Va. at 260, 383 S.E.2d at 719).[2]

We find the rationale in Gandy and Baker controlling in the present case. The policy provision excludes coverage for the named insured or any relative while occupying a motor vehicle owned by or available for the regular use of the named insured or relative and "which is not an insured motor vehicle." Nothing in Code § 38.2-2201 prohibits such exclusion, and the exclusion is clear and unambiguous. Moreover, as State Farm argues, the

---

[2]In Gandy, the insurer voluntarily provided medical expense coverage without a specific request by the insured. Therefore, our analysis proceeded under Code § 38.2-124(B)(1). 238 Va. at 259, 383 S.E.2d at 718. In the present case, medical expense coverage was required to be provided under the provisions of Code § 38.2-2201. In Baker, we held that this distinction makes no difference. 242 Va. at 76-77, 405 S.E.2d at 625.

exclusion of substantial risks that are unknown to it and for which it receives no premium are clearly reasonable.

Accordingly, we will affirm the trial court's judgment.

<u>Affirmed</u>.

CHIEF JUSTICE CARRICO, with whom JUSTICE LACY and JUSTCE KEENAN join, dissenting.

I would reverse. The majority acknowledges that the policy exclusion involved in this case is valid only if there is no conflict or inconsistency between the exclusion and statutory provisions. As pertinent here, Code § 38.2-2201(A) provides that medical expense coverage shall be extended: "(i) to persons occupying the insured motor vehicle; and (ii) to the named insured and, while resident of the named insured's household, the spouse and relatives of the named insured while in or upon, entering or alighting from . . . a motor vehicle."

In other words, the coverage provided by (i) is extended to all persons occupying the insured vehicle while the coverage provided by (ii) is extended only to the named insured and to his or her resident spouse and relatives. However, the coverage under (ii) is extended while the persons specified are occupying <u>a</u> motor vehicle, meaning <u>any</u> motor vehicle, whether insured or not. Yet, State Farm's policy exclusion would deny coverage to the persons specified in (ii) while occupying a vehicle that is not insured. Hence, there is a direct conflict or inconsistency between the policy exclusion and the statute, and the exclusion cannot stand.