## CIRCUIT COURT OF LEE COUNTY

Lori Nicole Calhoun

v.

Nationwide Insurance Co.

February 17, 1998

Case No. L9505-057

BY JUDGE FORD C. QUILLEN

This action concerning medical expense coverage under automobile insurance policies is before the Court on a Motion for Declaratory Judgment with evidence offered by an agreed stipulation of facts.

The issue before the Court is whether the defendant, Nationwide Insurance, is liable for additional medical expense coverage. The exhibits filed on behalf of the plaintiff show the following Nationwide policies in force at the time of the incident: Family Policy Numbers 53Q108325 under the names of Ronnie and Norma Calhoun (covering four vehicles with medical expense insurance of $2,000.00 each person) and 53Q313058 under the name of Ronnie Calhoun (covering one vehicle with medical expense insurance of $2,000.00 each person).

The following facts are stipulated. At the time of the accident, Lori Calhoun, daughter of Ronnie and Norma Calhoun, was a resident of the household of Ronnie and Norma Calhoun. She incurred medical expenses which exceeded $6,000.00. Ms. Calhoun was operating the 1983 Ford Mustang owned by her father, Ronnie Calhoun, which was furnished to her for her regular use. Nationwide Insurance paid $2,000.00 under the policy insuring the vehicle which Ms. Calhoun was driving but has refused to pay under the remaining family policy insuring four vehicles. Each policy had medical expense coverage for $2,000.00 on each vehicle, and a separate premium had been paid on each vehicle for medical expense coverage.

The Court holds, based upon Nationwide's definition, that Lori Calhoun is a named insured entitled to be paid medical expenses under all ve-

hicles not exceeding four. Each individual policy stated that the named insured and each relative who sustained injury would be entitled to payment while occupying an owned vehicle or a non-owned vehicle.

The stacking of medical expense coverage is mandated by the Legislature in amendments to Virginia Code § 38.2-2201, in which the Legislature stated that an insured can receive payment up to the maximum policy limits on each motor vehicle insured up to four vehicles.

The defendant, Nationwide, in this case, relies upon an exclusion found in the endorsement commonly referred to as Medical Expense Benefits: "(e) to bodily injury sustained by the Named Insured or any relative while occupying any motor vehicle owned by or furnished or available for the regular use of such Named Insured or relative and which is not an insured motor vehicle."

The Court holds that the plaintiff in this particular case is an insured on all Nationwide policies, including the policy on the automobile she was driving at the time of the accident. In this case, the plaintiff was not using an automobile furnished or available for her use that was not insured as required for in the exclusion.

The case of *Cotchan v. State Farm Fire & Casualty Co.*, 250 Va. 232 (1995), relied upon by the defendant, is distinguishable from the case at bar. In that particular case, the son of the plaintiff was injured while operating a motorcycle which he owned for his own use. Instead of procuring State Farm insurance (his parents' insurer) for the motorcycle, the son had procured insurance with Progressive, but he had rejected any medical expense coverage. The action in *Cotchan* was an attempt to require initial coverage from State Farm by reason of the mandates in § 38.2-2201 and ignore the exclusion that was identical to the one in this particular case. The Court states that the vehicle driven by Lori Calhoun involved in the accident was insured, not uninsured as required in the exclusion, and the *Cotchan* case is not applicable because, in that case, there was no medical expense coverage on the motorcycle.

State Farm's policy argument in the *Cotchan* case supported the exclusion, that State Farm was subjected to substantial risks that were unknown to it and for which it received no premium. This is true in the *Cotchan* case because the son was operating a motorcycle on which there was no medical expense coverage subjecting State Farm to pay not only the initial coverage but to pay potential stacking if applicable. This policy argument does not apply in the Calhoun case since Nationwide knew that Lori Calhoun was an insured and had charged and received premiums for medical expenses on all vehicles.

The Court holds that the defendant is responsible for the additional medical expenses owed.