Present:  All the Justices

SHARLET S. SCARBROW

OPINION BY JUSTICE CYNTHIA D. KINSER

v. Record No. 972435                    September 18, 1998

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John C. Morrison, Jr., Judge


Sharlet S. Scarbrow (Scarbrow) filed suit against State Farm Mutual Automobile Insurance Company (State Farm) after State Farm refused to pay medical expenses incurred by Scarbrow as a result of a work-related automobile accident.  The circuit court held that a provision in State Farm's automobile insurance policy excluding coverage for medical expenses that are payable under a workers' compensation statute is valid and enforceable.  Because we have previously held that such an exclusion does not conflict with Code § 38.2-2201, we will affirm the judgment of the circuit court.

I.

On December 15, 1994, Scarbrow was involved in an automobile accident while operating her employer's truck.  Scarbrow sustained physical injuries as a result of the accident and incurred medical expenses.  The employer's workers' compensation insurance carrier paid Scarbrow's medical expenses arising out of the accident.

At the time of the accident, Scarbrow was also insured under a Family Automobile Policy (the Policy) issued by State Farm. An endorsement in the Policy affords coverage to Scarbrow for medical expenses incurred by her for injuries sustained in an automobile accident.[1] The endorsement, however, contains an exclusion (the Exclusion) for medical expenses payable under any workers' compensation law. The Exclusion specifically states:

This insurance does not apply:

    \*    \*    \*

(b) to bodily injury sustained by any person to the extent that benefits therefore are in whole or in part payable under any workmen's compensation law, employer's disability benefits law or any other similar law.

Following the accident, Scarbrow submitted a claim to State Farm under the medical expense benefits endorsement for a portion of the medical bills that she incurred as a result of the automobile accident. State Farm refused to pay Scarbrow on the basis of the Exclusion. Consequently, on November 12, 1996, Scarbrow filed a notice of motion for judgment against State Farm in the General District Court for the City of Norfolk. After removal of the case

---

[1] The medical expense benefits endorsement states that State Farm:

[W]ill pay, in accordance with Section[] 38.2-2201 . . . of the Code of Virginia, to or on behalf of each injured person, medical expense benefits as a result of bodily injury caused by accident and arising out of the ownership, maintenance or use of a motor vehicle as a motor vehicle.

to the circuit court, State Farm filed a motion for summary judgment. In its motion, State Farm asserted that the Exclusion bars Scarbrow from recovering under the Policy's medical expense benefits endorsement since her medical bills were paid by workers' compensation insurance.

After hearing argument, the circuit court granted State Farm's motion in an order dated August 20, 1997. Relying on our decisions in Baker v. State Farm Mut. Auto. Ins. Co., 242 Va. 74, 405 S.E.2d 624 (1991), and Cotchan v. State Farm Fire & Cas. Co., 250 Va. 232, 462 S.E.2d 78 (1995), the court concluded that State Farm was entitled to enforce the Exclusion in its Policy and found "no reason to diverge" from this Court's controlling precedent. Scarbrow appeals.

## II.

Code § 38.2-2201 provides, in pertinent part, that:

> A. Upon request of an insured, each insurer licensed in this Commonwealth issuing or delivering any policy or contract of bodily injury or property damage liability insurance covering liability arising from the ownership, maintenance or use of any motor vehicle shall provide on payment of the premium, as a minimum coverage . . . to the named insured . . . the following health care and disability benefits for each accident:
> 1. All reasonable and necessary expenses for medical, chiropractic, hospital, dental, surgical, ambulance, prosthetic and rehabilitation services, and funeral expenses, resulting from the accident and incurred within three years after the date of the accident, up to $2,000 per person . . . .

3

Scarbrow contends that this section does not authorize an insurer to limit or exclude coverage once an insured has elected to purchase medical expense benefits. Thus, according to Scarbrow, State Farm cannot enforce the Exclusion because it is inconsistent with Code § 38.2-2201 and, therefore, void as against public policy. We disagree.

This Court has sanctioned an insurer's use of reasonable policy provisions that exclude specific risks from coverage. State Farm Mut. Auto. Ins. Co. v. Gandy, 238 Va. 257, 261, 383 S.E.2d 717, 719 (1989). If an insurer uses exclusionary language that is clear and unambiguous and that does not conflict with statutory provisions, then the exclusion will be enforced. Id.

Our decision in Baker dictates the outcome of this case because Baker involved the same issue and coverage exclusion presently before us. In Baker, we addressed the question whether Code § 38.2-2201 permits an insurer to exclude coverage for medical expense benefits in the absence of express statutory authorization. The policy provision at issue in Baker, identical to the Exclusion in the instant case, precluded payment of medical expenses when those expenses were payable under a workers' compensation statute. We found the exclusion in Baker to be a "clear and unambiguous provision [that] reasonably excludes medical payments coverage where those benefits are payable under a workers' compensation statute," and that no conflict or

4

inconsistency existed between Code § 38.2-2201 and the policy exclusion.  242 Va. at 76, 405 S.E.2d at 625; see also Cotchan, 250 Va. at 236, 462 S.E.2d at 80-81.  Thus, for the reasons enunciated in Baker, we conclude that the Exclusion is a reasonable policy provision containing clear and unambiguous language and that it is not inconsistent with Code § 38.2-2201. Therefore, State Farm may enforce the Exclusion against Scarbrow.

Scarbrow concedes that the instant case and Baker are indistinguishable.[2]  Nevertheless, Scarbrow urges this Court to reverse its prior decision and find the Exclusion inconsistent with Code § 38.2-2201 and, therefore, void.  However, we perceive no reason to depart from our holding in Baker.  See Selected Risks Ins. Co. v. Dean, 233 Va. 260, 265, 355 S.E.2d 579, 581 (1987) (stating that "when a court of last resort has established a precedent, after full deliberation upon the issue by the court, the precedent will not be treated lightly or ignored").

Accordingly, we will affirm the judgment of the circuit court.

Affirmed.

_____

[2]  This case and Baker do differ in that Scarbrow asserted a claim against a third party tortfeasor for the injuries that she sustained in the automobile accident.  However, this distinction does not affect our decision.

5