# CIRCUIT COURT OF THE CITY OF RICHMOND

Kenneth White

v.

State Farm Mutual
Auto. Ins. Co.

January 28, 1999

Case No. LE-92-4

BY JUDGE MELVIN R. HUGHES, JR.

This is an action brought by an insured against his insurer for payment under a policy of insurance. The dispute centers around a question of insurance stacking arising from a claim for medical payments benefits under two separate automobile insurance policies issued by State Farm Mutual Automobile Insurance Company, the defendant. The case has been brought forward for final resolution on stipulated facts.

Plaintiff, Kenneth White (White) was in an automobile accident while in a vehicle he owned which was insured by State Farm. The policy covering the vehicle provides medical payment benefits with policy limits covering two vehicles for a total policy limit of $10,000. The named insureds on this policy were White's wife, Brenda, with whom White lived at the time, and Kenneth, White's son. The vehicle White was traveling in at the time was listed on this policy.

At the time of the accident, White had a separate policy issued to him by State Farm which did not list the accident vehicle. This policy also provides medical payment benefits on two vehicles for a total of $10,000. State Farm has paid White the total policy limit amount under his wife's policy but has refused payment under the policy issued to him. State Farm relies on an exclusion in White's policy which provides in pertinent part:

*Exclusions*:

> This insurance does not apply ... . (e) to bodily injury sustained by the named insured ... while occupying any motor vehicle owned by or furnished or available for the regular use of such named insured ... . and which is not an insured vehicle.

Each side views the exclusion differently depending on their interpretation of a statute and a case applying it. The statute, § 38.2-2201(A) requires an automobile insurer to provide medical expense benefits "(i) to persons occupying the insured motor vehicle; and (ii) to the named insured and, while resident of the insured's household, the spouse and relatives of the named insured while in or upon, entering or alighting from or through being struck by a motor vehicle while not occupying a motor vehicle."

State Farm contends that § 38.2-2201 has been interpreted as not precluding reasonable exclusions of medical expense coverage like that contained in White's policy and on which it relies to deny coverage.

In *Cotchan v. State Farm Fire & Cas. Co.*, 250 Va. 232 (1995), the Supreme Court of Virginia held that an exclusion of medical payment benefits in an automobile insurance policy was valid notwithstanding the command of § 38.2-2201. There, the insured's son was injured while operating a motorcycle. The motorcycle was owned by the son and was insured by Progressive Insurance Company. The Progressive policy did not provide medical expense coverage because the son had declined it. At the time of the accident, the insured had a policy with State Farm, which provided medical expense coverage and by § 38.2-2201 the coverage extended to other persons who were resident relatives at the time even though the motorcycle was not listed thereon. Relying on an exclusion, like the one here, State Farm refused payment on the ground that § 38.2-2201 does not mandate coverage when an exclusion is clear, reasonable, and unambiguous. The Supreme Court agreed. Thus, here, State Farm contends that the exclusion bars White's attempt to recover under the policy issued to him. State Farm contends the statute permits stacking only under one policy not separate ones as here. White contends that the holding in *Cotchan* is distinguishable based on its reasoning and is not a bar to his claim against State Farm under his own policy. The court agrees with White.

As noted, the court in *Cotchan* held that the policy exclusion there was valid notwithstanding § 38.2-2201 because it was clear, reasonable, and unambiguous. In *Cotchan*, the court relied on two previous decisions, *State Farm Mut. Auto. Ins. v. Gandy*, 238 Va. 257 (1989), and *Baker v. State Farm*

*Mut. Auto. Ins.*, 242 Va. 74 (1991), quoting from *Baker* "the statute does not address or prohibit policy exclusions. Nor is there a conflict or inconsistency between the statutory provisions and the policy exclusion." *Id.* at 76. Continuing, the court reasoned that, in addition to the exclusion being clear, State Farm did not have to provide coverage because "the exclusion of substantial risks that are unknown to it and for which it receives no premium are clearly reasonable." *Cotchan v. State Farm, supra,* at 236.

In *Cotchan* the only vehicle listed was an automobile not the motorcycle the son was operating at the time of the accident. Thus, in *Cotchan,* State Farm had an unknown risk and did not receive any payment, premium, for that risk. Here, State Farm has a known risk and has accepted premiums from White for that risk.[1] The General Assembly, by its enactment of § 38.2-2201(C), requires stacking, stating that an insured can receive medical expenses up to the maximum limits on each of up to four vehicles. Moreover, this part of the statute provides in pertinent part:

> every insurer providing *such coverage,* arising from the … . the use of no more than four motor vehicles shall be liable to pay up to the maximum policy limit available on every motor vehicle insured *under that coverage* if the health care or disability expenses and costs … exceed the limits of coverage for any one motor vehicle so insured.

The "coverage" is for medical expenses for which White has paid a premium under his own policy and for which the statute permits stacking. He may stack "under that coverage" in his policy as the statute directs because it is not unreasonable under the facts in this case as distinguished from those in *Cotchan.* Moreover, § 38.2-2202(A)(ii) extends coverage to relative residents while occupying a vehicle not insured, which as to White's own policy occurred here. In *Cotchan* the exclusion was found clear and not unreasonable.

---

[1] The parties stipulate that the premium for medical payment coverage is combined under a single family automobile policy and is the same as charged under separate policies.

Here, the exclusion, though clear, is unreasonable. *Cotchan* is distinguished on its facts. White is entitled to his claim under his own policy.