PRESENT: All the Justices

FRANK JONES, ET AL.

v.  Record No. 032632

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, ET AL.

OPINION BY
JUSTICE G. STEVEN AGEE
September 17, 2004

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

The sole issue in this appeal is whether territorial restrictions on coverage for medical expenses under certain insurance policies violate Code § 38.2-2201(A)(1).

I.  BACKGROUND AND PROCEEDINGS BELOW

Frank Jones, Kathy Jones, Joanne Bangle, James R. Greer, Henry Hankins, and Patricia Hankins ("plaintiffs") were involved in a motor vehicle accident in St. Maarten in the Netherlands Antilles where all sustained physical injuries.  The plaintiffs incurred significant medical expenses both in St. Maarten and in the United States.  They were covered by their respective automobile insurance policies issued by one of three insurers: State Farm Mutual Automobile Insurance Company ("State Farm"), United Services Automobile Association ("USAA"), or Allstate Insurance Company ("Allstate").

Each insurance policy contained nearly identical clauses limiting coverage for medical expenses to accidents that occur within certain territorial limits.  The State Farm policy, for

example, contained a condition limiting coverage to "accidents, occurrences and loss . . . while the automobile is within the United States of America, its territories or possessions, or Canada, or is being transported between ports thereof."  The USAA and Allstate policies have similar conditions.[1]

The plaintiffs filed claims for medical expense benefits, which each insurance company denied because the accident occurred outside the territories covered by the respective policies.  The plaintiffs then each filed motions for judgment, which were consolidated for trial, alleging breach of contract on the grounds that the territorial limitations within each policy failed to provide the minimum coverage required by Code § 38.2-2201(A)(1).[2]  This code section provides in pertinent part

---

[1] USAA's territorial limitation provides in pertinent part: "This policy applies only to accidents and losses which occur: 2) Within the policy territory.  The policy territory is:  a. The United States of America, its territories or possessions; b. Puerto Rico; or c. Canada."  Allstate's territorial limitation provides, "[t]his insurance applies only to accidents which occur during the policy period within the United States of America, its territories or possessions, or Canada."

[2] In its entirety, Code § 38.2-2201(A)(1) provides:
   A. Upon request of an insured, each insurer licensed in this Commonwealth issuing or delivering any policy or contract of bodily injury or property damage liability insurance covering liability arising from the ownership, maintenance or use of any motor vehicle shall provide on payment of the premium, as a minimum coverage (i) to persons occupying the insured motor vehicle; and (ii) to the named insured and, while

2

that "each insurer licensed in this Commonwealth . . . shall provide on payment of the premium, as a minimum coverage . . . [a]ll reasonable and necessary expenses for medical [services]." Code § 38.2-2201(A).  The plaintiffs argue that since the Code does not expressly authorize a territorial limitation on coverage, the insurance policies do not provide the statutorily mandated minimum medical expense benefits.  Therefore, the plaintiffs contend, the limitations are invalid because they are inconsistent with the statutory requirement.

The trial court determined that the territorial limitations were "reasonable", not in violation of Code § 38.2-2201 and entered final judgment in favor of the insurance companies.  We awarded the plaintiffs an appeal.

---

resident of the named insured's household, the spouse and relatives of the named insured while in or upon, entering or alighting from or through being struck by a motor vehicle while not occupying a motor vehicle, the following health care and disability benefits for each accident:

1. All reasonable and necessary expenses for medical, chiropractic, hospital, dental, surgical, ambulance, prosthetic and rehabilitation services, and funeral expenses, resulting from the accident and incurred within three years after the date of the accident, up to $2,000 per person; however, if the insured does not elect to purchase such limit the insurer and insured may agree to any other limit;

## II. Analysis

This Court has previously answered the inquiry as to whether an insurer and its insured can contractually limit the medical expense provisions of Code § 38.2-2201(A)(1). That statute does not prohibit limitations and we have previously set forth parameters for such limitations. See State Farm Mutual Auto. Ins. v. Gandy, 238 Va. 257, 383 S.E.2d 717 (1989); Cotchan v. State Farm Fire & Casualty Co., 250 Va. 232, 462 S.E.2d 78 (1995). We see no reason why a territorial limitation should not be considered a permissible contractual limitation under the facts of this case.

In Gandy we held that "reasonable exclusions not in conflict with statute in an insurance contract will be enforced, but it is incumbent upon the insurer to employ exclusionary language that is clear and unambiguous." 238 Va. at 261, 383 S.E.2d at 719. Therefore, "an exclusion is valid if it is reasonable, clear, and unambiguous." Cotchan, 250 Va. at 235, 462 S.E.2d at 80. The plaintiffs concede that the territorial limitations of the policies are clear and unambiguous. They argue that it is unreasonable to limit the medical expense coverage based upon the location of the accident, particularly when some medical expenses are incurred with health care providers within the territory covered under the policy.

This argument misses the point of the territorial limitation for at least two distinct reasons, either of which establishes the reasonableness of the limitation. First, an insurance company measures the actuarial risk for its policies by experience and data collected within the area for which coverage is contractually bound (i.e., the United States and Canada), and not by the wide variations found in foreign countries. The premium the insured contracts to pay for the policy coverage is based on that actuarial risk assumed by the insurer under the terms of the insurance contract. The premium payment and coverage terms of the contract between the insurer and insured are fundamentally based on these identifiable risks. It would be manifestly unreasonable to alter the terms of the insurance contract by judicial fiat and arbitrarily add to the policy additional and unmeasured insurance risks involved for driving in St. Maarten or any other foreign country or territory which is not a part of the insurance contract.

Second, even if an insured's medical care is actually rendered within the territorial limits of coverage for an accident outside those limits, the insurance company would often be required, contrary to the plaintiffs' assertions, to verify and investigate the reasonableness and necessity of that care. Making this determination could require investigating the actual injury and the foreign medical care provided in order to

determine which medical expenses were reasonable and necessary and causally related to the accident.  Reformulating the insurance contract to require the insurance company to engage in verification and investigation procedures around the globe would be a substantial expense not contemplated by the parties' contract of insurance.  Imposing such a burden on the insurance company is plainly unreasonable.

The territorial limitations of the insurance policies in the case at bar are thus reasonable exclusions which are clear and unambiguous.  The trial court did not err in its findings in this regard.

Plaintiffs also make the vague and undefined argument that the insurance policy limitations on territorial coverage violate the public policy of the Commonwealth.  This Court has previously determined that Code § 38.2-2201(A)(1) does not prohibit policy exclusions that are clear, unambiguous and reasonable.  The policies in this case meet that criteria as just noted above.

The General Assembly has revisited and amended Code § 38.2-2201 several times since our decisions in Gandy and Cotchan.  If the foregoing standard were deemed contrary to public policy, the General Assembly has had multiple occasions to act and it has not.  "Where a statute has been construed by the courts, and is then re-enacted by the legislature, the construction given to

it is presumed to be sanctioned by the legislature, and thenceforth becomes obligatory upon the courts."  Miller v. Commonwealth, 180 Va. 36, 43, 21 S.E.2d 721, 724 (1942).  The plaintiff's public policy argument is without merit. [3]

## III. Conclusion

The territorial limitations of the insurance policies in the case at bar are clear, unambiguous and reasonable and thus do not violate Code § 38.2-2201.  Accordingly, the judgment of the trial court will be affirmed.

Affirmed.

---

[3] The General Assembly has recognized the validity of similar territorial limitations in other insurance statutes. See Code § 46.2-472(3) (limiting mandated coverage to accidents within the Commonwealth, the United States, or Canada). Additionally, many other jurisdictions have upheld the validity of similar territorial limitations.  See, e.g., Kvalheim v. Farm Bureau Mutual Ins. Co., 195 N.W.2d 726, 729 (Iowa 1972); Clark v. State Farm Mutual Auto. Ins. Co., 725 So.2d 779 (Miss. 1998); Hall v. Amica Mutual Ins. Co., 648 A.2d 755 (Pa. 1994); Ruiz v. Government Employees Ins. Co., 4 S.W.3d 838, 841-42 (Tex. Ct. App. 1999).