Present:  Kinser, C.J., Lemons, Goodwyn, Millette, Mims, and Powell, JJ., and Koontz, S.J.

KEVIN CHRISTY

OPINION BY
v.  Record No. 102138    SENIOR JUSTICE LAWRENCE L. KOONTZ, JR.
March 2, 2012
MERCURY CASUALTY COMPANY

FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
C. Randall Lowe, Judge

In this appeal, we consider whether the circuit court correctly determined that an exclusion in an automobile insurance policy regarding coverage for medical expenses barred the policyholder from receiving any payment for medical expenses because a portion of those expenses had been paid by workers' compensation benefits.

BACKGROUND

On November 23, 2005, Kevin Christy, a police officer in the Town of Abingdon ("the Town"), was a passenger in a Washington County Sheriff's vehicle being driven by a sheriff's deputy.  The sheriff's vehicle was involved in an accident in which it was struck from behind while stopped.  Christy suffered injuries as a result of this accident.  The parties disagree as to the extent of those injuries.  It is not disputed, however, that this accident arose out of and occurred during the course of Christy's employment by the Town.

Christy was initially treated for his injuries in the emergency room of Johnston Memorial Hospital in Abingdon on November 24, 2005. Thereafter, Christy came under the care of Dr. Timothy G. McGarry of Abingdon Orthopedic Associates for joint pain in Christy's neck and left shoulder. Dr. McGarry referred Christy to Dr. Richard Mullens of Abingdon Radiological Services, who administered an MRI examination of Christy's neck and spine on February 14, 2006 at Johnston Memorial Hospital.

In a follow-up visit on March 1, 2006, Dr. McGarry determined that Christy had a tear in the labrum of his left shoulder, commonly called a "SLAP tear," that required surgery.[1] Dr. McGarry was of opinion that Christy's SLAP tear was caused by the November 23, 2005 accident and was not a pre-existing condition.

At the time of Christy's accident, the Town obtained its workers' compensation coverage through the Virginia Municipal League Insurance Programs ("VMLI"). At the time of his surgery, Christy received his primary health insurance through

---

[1] In a medical context, "SLAP" refers to a lesion or tear to the "superior labral, anterior to posterior," an injury to the biceps tendon of the shoulder joint. 5 J.E. Schmidt, Attorneys' Dictionary of Medicine Illustrated S-181 (28th ed. 1995); see also Tae Kyun Kim, et al., Clinical Features of the Different Types of SLAP lesions, 85-A Journal of Bone & Joint Surgery 66, 66 (2003).

a physician-hospital organization ("PHO") administered by John Deere Health Insurance, and subsequently by United Health Care Plan of the River Valley, Inc. Christy was also insured under an automobile liability insurance policy issued by Mercury Casualty Company which provided coverage for his two private vehicles. The Mercury Casualty policy included coverage for "medical expense benefits as a result of bodily injury caused by an accident and arising out of the . . . use of a motor vehicle as a motor vehicle" with a limit of coverage of $5000 per person for each vehicle. This policy contained a provision for the exclusion of coverage which, in relevant part, provided that the insurance does not apply "to bodily injury sustained by any person to the extent that benefits therefor[] are in whole or in part payable under any [workers'] compensation law."

For purposes of our resolution of this appeal, it will suffice to briefly summarize the total medical expenses that Christy incurred, including those for the treatment of his shoulder, and the payments made by the various insurance providers after contract adjustments accepted by the medical service providers. The total medical expenses incurred by Christy amounted to $16,564.00. VMLI paid $1,815.18 on claims submitted by Johnston Memorial Hospital for Christy's emergency room visit, the MRI examination performed at the

3

hospital, Dr. Mullens' claim for evaluating this MRI, and for Dr. McGarry's claim for Christy's initial visit. However, VMLI denied the claims for the March 24, 2006 surgery submitted by Johnston Memorial Hospital and Dr. McGarry, asserting that the SLAP tear was a pre-existing condition and not compensable under the workers' compensation policy. Christy concedes that he "did not pursue a [workers' compensation] claim" against VMLI. The balance of $13,458.27, after applying contract adjustments, for the claims of the hospital and Dr. McGarry for the shoulder surgery was ultimately paid or otherwise resolved by Christy and Christy's PHO.[2]

On April 20, 2009, Christy submitted a claim to Mercury Casualty regarding his medical expenses incurred following the November 23, 2005 automobile accident, asserting that he was entitled to payment under the medical expenses coverage of his policy. On June 12, 2009, Mercury Casualty denied the claim, asserting the application of the exclusion to coverage provision of the policy and maintaining that "[t]he bills in

---

[2] Considerable litigation occurred between Christy, the hospital, and Christy's PHO, which in part involved the applicability of Code § 38.2-2201(A)(3)(b) to Christy's medical expenses, to determine the amounts to be paid by Christy and his PHO. These proceedings do not impact our view of this appeal.

this case were, at least in part, 'payable' under the workers' compensation law."

On September 4, 2009, Christy filed a warrant in debt against Mercury Casualty in the Washington County General District Court seeking $10,000 in contract damages. He obtained a judgment for $9,500 and attorney's fees. Mercury Casualty appealed this judgment to the Circuit Court of Washington County.

The case was submitted to the circuit court on a joint stipulation of facts and supporting briefs. Following oral argument of the parties, the court issued an opinion letter dated April 29, 2010, in which it concluded that based on the unambiguous language of the exclusion, "payment of [workers'] compensation, even in part, as a result of this accident triggers the exclusion and precludes payment" by Mercury Casualty of the portion of Christy's medical expenses not paid by VMLI. By order dated May 25, 2010, the court entered judgment consistent with this opinion, but retained jurisdiction over the matter to consider a motion for reconsideration filed by Christy prior to entry of the order. By letter opinion thereafter, the court affirmed its prior ruling, and entered final judgment granting summary judgment for Mercury Casualty on August 12, 2010. We awarded Christy this appeal.

DISCUSSION

The dispositive issue in this appeal is whether the language of the exclusion in Mercury Casualty's policy bars recovery when its insured suffers injury in a work-related motor vehicle accident and any portion of the medical expenses incurred as a result are paid by a workers' compensation carrier. Because this issue was decided by the circuit court based on stipulated facts and involves the interpretation of a written contract, we apply a de novo standard of review. Farmers Ins. Exch. v. Enter. Leasing Co., 281 Va. 612, 617, 708 S.E.2d 852, 855 (2011); Johnson v. Hart, 279 Va. 617, 623, 692 S.E.2d 239, 242 (2010).

Our analysis begins with the undisputed fact that the November 23, 2005 accident arose out of and occurred during the course of Christy's employment. As such, any injury Christy sustained in the accident would be subject to coverage under the Workers' Compensation Act. Code § 65.2-300. However, if an employee suffers from a pre-existing condition at the time of the covered accident, compensation will only be payable for expenses incurred if the accident "accelerates or aggravates [the] pre-existing condition." Ohio Valley Construction Co. v. Jackson, 230 Va. 56, 58, 334 S.E.2d 554, 555 (1985); see also Combs v. Virginia Elec. & Power Co., 259 Va. 503, 511, 525 S.E.2d 278, 283 (2000); Olsten of Richmond

6

v. Leftwich, 230 Va. 317, 319-20, 336 S.E.2d 893, 895 (1985). In the present case, VMLI, the workers' compensation carrier, paid only a portion of Christy's claimed medical expenses after concluding that Christy's SLAP tear was a pre-existing condition.[3]

Christy stresses that he does not challenge the validity of the exclusion in Mercury Casualty's policy.  Rather, he maintains that the plain language of the exclusion means that it applies only "to the extent" some portion of his medical expenses were paid as a workers' compensation benefit, without regard to whether he might have successfully pursued a claim against VMLI for all the medical expenses.  Thus, he contends that the exclusion acts only to offset any amount actually paid by VMLI for his medical expenses as a workers' compensation benefit.  Mercury Casualty responds that the language of the exclusion is clear that no coverage is available under its policy if any portion of the medical expenses incurred is subject to workers' compensation, even if those expenses are not actually paid by the employer's workers' compensation carrier.

_____

[3] As previously noted Christy did not challenge VMLI's conclusion by seeking a hearing for a formal determination of that issue from the Workers' Compensation Commission. Moreover, in the circuit court, the parties agreed to have the issue whether the SLAP tear was caused by the accident deferred for resolution by a jury.

In <u>Baker v. State Farm Mutual Automobile Insurance Co.</u>, 242 Va. 74, 405 S.E.2d 624 (1991) and again in <u>Scarbrow v. State Farm Mutual Automobile Insurance Co.</u>, 256 Va. 357, 504 S.E.2d 860 (1998), we addressed nearly identical exclusions as the one at issue in this case. In <u>Baker</u>, a bus driver who was injured in an automobile accident while in the course of his employment sought to recover related medical expenses under the medical expenses coverage of his personal automobile liability insurance. We said that the action was intended "to recover a portion of the medical expenses" Baker incurred as a result of his injury in a work-related accident. <u>Baker</u>, 242 Va. at 75, 405 S.E.2d at 625. In the present case, it was a point of contention in the circuit court and on appeal as to whether this statement meant that only a portion of these expenses actually had been covered by workers' compensation.

We have reviewed the record in <u>Baker</u> and have determined that all of the medical expenses for the injury arising from the work-related accident in that case were paid by the workers' compensation carrier. It was because these expenses exceeded the maximum coverage under the medical expenses coverage of Baker's personal automobile liability insurance that we said he sought "to recover a portion of the medical expenses." Thus, Christy is correct that <u>Baker</u> is distinguishable from this case in that all of the medical

expenses for which Baker sought to recover were actually paid by the workers' compensation carrier.

However, the issue in Baker was "whether an insurer may enforce an exclusion from coverage absent specific authorization for such an exclusion in a statute that required the insurer to offer such coverage." Id. at 75, 405 S.E.2d at 624. Our decision in that case was limited to finding that exclusions of the type at issue in that case, and here, are valid and enforceable. Thus, Baker provides no direct guidance on the issue presented in this appeal.

In Scarbrow, the insured was a driver for a parcel delivery service who was injured in an automobile accident while in the course of her employment. The facts of that case differ somewhat from Baker in that Scarbrow's medical expenses, although entirely covered by workers' compensation benefits, were subsequently reimbursed to the carrier as the result of a recovery in an action against the tortfeasor. However, although it was alleged in the opening brief that as a result of the reimbursement "Scarbrow received no benefit from the [workers'] compensation payment," the issue in the appeal was not whether this fact preempted the exclusion. Rather, the issue was essentially the same as had been addressed in Baker, and that is whether a provision in an automobile insurance policy excluding coverage for medical

9

expenses that are payable under a workers' compensation statute conflicts with Code § 38.2-2201 and is therefore invalid and not enforceable. Scarbrow, 256 Va. at 358, 504 S.E.2d at 860. In accord with Baker, we rejected such a contention and held the exclusion to be valid and enforceable. Id. Thus, neither Baker nor Scarbrow required us to parse the language of the exclusion, as the scope of the exclusion was not at issue in either case.

Christy makes the facially appealing contention that the language of the exclusion in Mercury Casualty's insurance policy operates to prevent a "double recovery" in the sense that the insured is not permitted to receive full payment for medical expenses by a workers' compensation provider as well as full payment for those expenses by his automobile insurance provider. In doing so, Christy contends that the language of the exclusion prevents a double recovery by limiting medical coverage of the policy "to the extent that benefits therefor[] are in whole or in part payable under any [workers'] compensation law." We agree that our decisions in both Baker and Scarbrow avoided a double recovery by the insured in those cases. However, because we are of opinion that the clear and unambiguous language of the exclusion in Mercury Casualty's policy creates a limitation to the scope of coverage of the policy for medical expenses rather than a limitation on the

amount of coverage in the form of a set-off against workers' compensation benefits, we reject Christy's contention that, as he would not gain a double recovery, his case differs from Baker and Scarbrow.

Christy's workers' compensation claim for medical expenses incurred as a result of an automobile accident arising out of and in the course of his employment included the medical expenses related to joint pain in his neck and his shoulder injury as well as services provided by the emergency room personnel at Johnston Memorial Hospital. VMLI paid a portion of his claim in the form of workers' compensation benefits. That Christy did not challenge VMLI's determination that his shoulder injury was a pre-existing condition and not compensable under its workers' compensation coverage does not alter the fact that workers' compensation benefits for Christy's bodily injuries were "in part payable" by workers' compensation.

In short, the language of the exclusion is clear that it applies to the circumstances under which the insured's injuries occurred, not whether payment under the applicable workers' compensation law was actually forthcoming. Accordingly, as it is not disputed here that the accident arose out of and in the course of Christy's employment, we hold that the phrase "to the extent that benefits therefor[]

11

are in whole or in part payable under any [workers'] compensation law" in the exclusion permits Mercury Casualty to deny coverage for any expenses which would have been subject to workers' compensation coverage by VMLI without regard to whether all of those expenses were actually paid by VMLI, because the exclusion is not merely a set-off for workers' compensation benefits actually paid but, rather, operates to limit the scope of the coverage of Mercury Casualty's automobile insurance policy.

### CONCLUSION

For these reasons, we will affirm the judgment of the circuit court granting summary judgment to Mercury Casualty.

<u>Affirmed</u>.


JUSTICE POWELL, with whom JUSTICE MILLETTE and JUSTICE MIMS join, concurring in part and dissenting in part.

I concur with the majority on the well-reasoned part of its opinion that effectively distinguishes <u>Baker</u> and <u>Scarbrow</u>. However, I believe that the majority fails to recognize our previous construction of the limiting phrase "to the extent," and the common meaning of the phrase in reaching its conclusion. Accordingly, I must respectfully dissent.

In <u>Landmark HHH, LLC v. Gi Hwa Park</u>, 277 Va. 50, 57, 671 S.E.2d 143, 146 (2009), the dispute involved the

interpretation of contract language that absolved the parties "from any losses . . . sustained 'to the extent of the insurance proceeds payable' on such losses."  This Court held that the plain meaning of this language "only prohibits [the insured] from obtaining a double recovery on a loss sustained."  Id. at 57, 671 S.E.2d at 146.

I find further support in the common definition of the term "extent."  Extent is defined as "the range (as of inclusiveness or application) over which something extends." Webster's Third New International Dictionary 805 (1993). Under this definition, the exclusion is limited to the "range" of compensation payable under workers' compensation law; any compensation falling outside of that range would not be excluded from the insurance policy.

The harsh result of the majority's analysis is highlighted by the facts of this case.  There is ample evidence that the benefits sought by Christy were not, in fact, payable under workers' compensation law.  The record demonstrates that Christy was only compensated for the post-accident medical evaluation; once it was determined by VMLI that the injury he sustained was not payable under workers' compensation law, he did not receive any benefits.  In other words, it was specifically determined that the injury he sustained was not "in whole or in part payable under any

13

work[ers'] compensation law."  However, the majority, in effect, holds that the evaluation to determine whether Christy's injury was payable is considered payment "in part" under workers' compensation law.  Thus, under the majority's opinion, because Christy sought and was ultimately denied workers' compensation benefits, he is now precluded from filing an insurance claim.

For all the foregoing reasons, I would find that the language of this policy only prohibits a double recovery.  Accordingly, I would reverse the judgment of the trial court and remand the case for further proceedings.